**Stan MANASCO, Appellant,**

v.

**LUMBERMENS MUTUAL CASUALTY CO., Appellee.**

**No. 09–96–272 CV.**

Court of Appeals of Texas, Beaumont.

Submitted June 12, 1997.

Decided Aug. 28, 1997.

---

**287**

Mike Jacobellis, Tonahill, Hile, Leister & Jacobellis, Beaumont, for appellant.

Donald F. Lighty, Jacqueline M. Stroh, Benckenstein, Norvell & Nathan, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from the granting of a summary judgment. Appellant questions the propriety of the summary judgment granted to a workers' compensation insurance carrier.

This appeal requires judicial interpretation of a section of the Texas Workers' Compensation Act, TEX. LAB.CODE ANN. § 410.307 (Vernon 1996):

§ 410.307. **Substantial Change of Condition**

(a) Evidence of the extent of impairment is not limited to that presented to the commission if the court, after a hearing, finds that there is a substantial change of condition. The court's finding of a sub-

stantial change of condition may be based only on:

(1) medical evidence from the same doctor or doctors whose testimony or opinion was presented to the commission;

(2) evidence that has come to the party's knowledge since the contested case hearing;

(3) evidence that could not have been discovered earlier with due diligence by the party; and

(4) evidence that would probably produce a different result if it is admitted into evidence at the trial.

(b) If substantial change of condition is disputed, the court shall require the designated doctor in the case to verify the substantial change of condition, if any. The findings of the designated doctor shall be presumed to be correct, and the court shall base its finding on the medical evidence presented by the designated doctor in regard to substantial change of condition unless the preponderance of the other medical evidence is to the contrary.

(c) The substantial change of condition must be confirmable by recognized laboratory or diagnostic tests or signs confirmable by physical examination.

(d) If the court finds a substantial change of condition under this section, new medical evidence of the extent of impairment must be from and is limited to the same doctor or doctors who made impairment ratings before the commission under Section 408.123.

(e) The court's finding of a substantial change of condition may not be made known to the jury.

(f) The court or jury in its determination of the extent of impairment shall adopt one of the impairment ratings made under this section.

In order to interpret the above statute, we must briefly review relevant portions of the Texas Workers' Compensation Act, beginning with TEX. LAB.CODE ANN. § 410.301 (Vernon 1996) providing:

### § 410.301. Judicial Review of Issues Regarding Compensability or Income or Death Benefits

(a) Judicial review of a final decision of a commission appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by this subchapter.

(b) A determination of benefits before a court shall be in accordance with this subtitle.

In 1989 the legislature enacted a new Workers' Compensation Act restructuring workers' compensation in Texas. The Act significantly departs from prior law with regard to the adjudicatory powers of the Texas Workers' Compensation Commission. Under the Act, the commission now resolves disputed claims through a three-stage hearing process: 1) the benefit review conference (BRC), 2) the contested case hearing (CCH), and 3) the administrative appeal. The procedures involved in this process have been examined by the Supreme Court of Texas under both the federal and state constitutions and declared to be constitutional. *Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504 (Tex.1995).

The benefit review conference, like the former prehearing conference, is an informal proceeding aimed at resolving the disputed issues by mutual agreement. TEX. LAB.CODE ANN. § 410.021 (Vernon 1996). The presiding "benefit review officer," after informing the parties of their rights and responsibilities, mediates a dispute. *Id.* 410.026(a). The officer may direct questions to the parties, but he or she may not take testimony or make a formal record. *Id.* 410.026(c), (d). The officer does, however, prepare a written report detailing each issue not settled at the conference. *Id.* 410.031. This report must include the officer's recommendation regarding those issues and a recommendation regarding the payment or denial of benefits. *Id.*

The parties then proceed to a "contested case hearing," a formal evidentiary proceeding with sworn testimony and prehearing discovery procedures.[1] *Id.* §§ 410.151–.169. The hearing officer decides the disputed issues by written decision containing factual and legal findings. *Id.* § 410.168(a). The hearing officer's decision is binding during the pendency of an administrative appeal and is final in the absence of appeal. *Id.* § 410.169.

Any party may appeal the hearing officer's decision to an appeals panel within the commission. *Id.* § 410.202. The request for appeal and the opposing party's response must "clearly and concisely rebut or support the decision of the hearing officer on each issue on which review is sought." *Id.* § 410.202(c). After considering these briefs and the record from the contested case hearing, the appeals panel may affirm the decision of the hearing officer, reverse and render a new decision, or remand no more than one time to the hearing officer for further consideration and development of the record. *Id.* § 410.203.

The Act disposes of a trial de novo from the commission's ruling. Instead, the commission's final decision may be appealed to the courts under what the Supreme Court of Texas has described as "modified de novo review." *Garcia*, 893 S.W.2d at 530. Under this modified de novo review, all issues regarding compensability of the injury may be tried by jury. *Id.* at 528; *see* TEX. LAB.CODE ANN. §§ 410.301, 410.304. The party appealing the commission's ruling bears the burden of proof by a preponderance of the evidence. TEX. LAB.CODE ANN. § 410.303.

Appellant, Stan Manasco, sought to reopen the issues of Maximum Medical Improvement (MMI) and Impairment Rating (IR) before the hearing tribunals because of a substantial change of condition. These issues were previously decided at a contested case hearing in a decision and order issued September 22, 1993, from which no appeal was taken within fifteen days by appellant Manasco.

On or about January 20, 1992, appellant sustained an injury while working for BPCC,

---

1. The parties may mutually elect binding arbitration as an alternative to the contested case hearing. *Id.* § 410.104.

Inc. Appellee was the workers' compensation carrier for BPCC, Inc. Appellant received workers' compensation benefits under the policy. On October 23, 1992, his treating physician, Dr. Gerald Davis, certified appellant had reached MMI and assigned a thirty percent IR. The carrier disputed this IR and requested the Texas Workers' Compensation Commission (TWCC) designate a doctor to determine Manasco's IR. Dr. Holmes was appointed by the TWCC, and he reported that appellant had reached MMI and had an IR of seven percent.

A Benefit Review Conference (BRC) was held on May 17, 1993, on the issue of IR, with the claimant asserting the thirty percent rating assigned by Dr. Davis and the carrier asserting Dr. Holmes' seven percent rating. The BRC recommended the claimant be assigned a seven percent impairment rating based on the designated doctor's finding and the presumptive weight accorded that finding. A Contested Case Hearing (CCH) was held on September 20, 1993, and the Hearing Officer issued her decision and order on September 22, 1993. The Hearing Officer found the designated doctor's opinion had not been overcome by the great weight of contrary medical evidence. Appellant had no attorney, but relied upon the services of an ombudsman. Appellant did not appeal the decision.

Thereafter, on January 26, 1994, appellant had back surgery performed by Dr. Heilman. Following surgery, appellant by his attorney requested a BRC be held on the issues of MMI and IR based upon a substantial change of condition. He argued that he experienced a substantial change of condition and additional evidence should be admitted before both the Commission and the trial court on the issues of MMI and IR. His appeal was denied before all of the review tribunals because of his failure to timely appeal the September 22, 1993, ruling of seven percent impairment. He then brought action in the District Court of Orange County, Texas.

On May 21, 1996, appellant filed a motion for summary judgment, asserting that evidence of his subsequent back surgery should be considered in the trial court in determining his impairment. On June 3, 1996, appellee Lumbermens filed its reply and a cross-motion for summary judgment urging that the determinations by the Commission on MMI and IR were final. A hearing was held on the cross-motions for summary judgment on June 28, 1996, and the trial court granted appellee's cross-motion for summary judgment and signed a final judgment to that effect on July 29, 1996. Appellant has appealed.

In his original petition filed in district court, appellant pleaded that in its decision the Appeals Panel denied him additional benefits, thus, his administrative remedies had been exhausted. Appellant urged the court that he is entitled to receive additional compensation benefits and medical treatment, that a "substantial change of condition" due to the subsequent back surgery entitled him to re-open the issues of MMI and impairment.

Appellant's first point of error contends the Labor Code should be construed to allow claimants to present evidence of substantial change of condition at the administrative level.

Point of error number two urges the Labor Code allows consideration of substantial change of condition in all cases in the district court.

■ Therefore, the issue before us is: should the Workers' Compensation Act be construed to permit consideration of a substantial change of condition at the administrative level as well as in the district court?

■ In *ESIS, Inc., Servicing Contractor v. Johnson*, 908 S.W.2d 554, 560 (Tex.App.—Fort Worth 1995, writ denied), the court held:

In construing a statute, we are guided by the general rules of statutory construction and by cases interpreting the statute, if any. The general rules of construction are: 1) the court must be governed by the rule of common sense, *HSAM, Inc. v. Gatter*, 814 S.W.2d 887, 888 (Tex.App.—San Antonio 1991, writ dism'd by agr.)(op. on reh'g); 2) the court must look to the intent of the legislature in enacting the statute,

*Monsanto Co. v. Cornerstones Mun. Utility Dist.*, 865 S.W.2d 937, 939 (Tex.1993); 3) the court must construe a statute as written, and, if possible, ascertain its intention from the language used therein and not look to extraneous matters for an intention not stated in the statute, *Seay v. Hall*, 677 S.W.2d 19, 25 (Tex.1984); 4) if a statute is subject to two interpretations, it should not be given one that would render enforcement impossible, *see Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991); and 5) the general rules for the construction of all written instruments apply to the construction of legislative acts, *Baylor Univ. Medical Ctr. v. Borders*, 581 S.W.2d 731, 733 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). *See* TEX.GOV'T CODE ANN. § 311.003 (Vernon 1988).

TEX. GOV'T CODE ANN. § 311.023, Statute Construction Aids, (Vernon 1988) provides:

In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:

(1) object sought to be attained;

(2) circumstances under which the statute was enacted;

(3) legislative history;

(4) common law or former statutory provisions, including laws on the same or similar subjects;

(5) consequences of a particular construction;

(6) administrative construction of the statute; and

(7) title (caption), preamble, and emergency provision.

Applying these standards, we hold that § 410.301 grants the district court power to consider all issues pertaining to compensability which, of necessity, invokes impairment. In *Garcia*, 893 S.W.2d at 515, our Supreme Court defined the duties and responsibilities of the district court as:

The Commission's final decision may be appealed to the courts under what might best be described as modified de novo review. For all issues regarding compensability of the injury (for example, whether it occurred in the course and scope of em-

ployment) and eligibility for and the amount of income and death benefits, there is a right to trial by jury. Tex.Lab.Code § 410.304. The party appealing bears the burden of proof by a preponderance of the evidence. *Id.* § 410.303. The jury, although informed of the Commission decision, is not required to accord it any particular weight. *Id.* § 410.304(a). Further, the opinion of the designated doctor regarding impairment is accorded no special weight.

In determining the extent of impairment, however, the jury must adopt the specific rating of one of the physicians in the case. *Id.* § 410.306(c). Evidence of the extent of impairment is limited to that presented to the Commission unless the court makes a threshold finding that the claimant's condition has substantially changed, in which case new impairment evidence may be introduced. *Id.* §§ 410.306(c), 410.307. If the parties dispute whether the claimant's condition has substantially changed, the court must hear from the designated doctor, whose opinion is controlling on this issue "unless the preponderance of the other medical evidence is to the contrary." *Id.* § 410.307(b). The court's finding of substantial change of condition is not revealed to the jury. *Id.* § 410.307(e).

Issues other than compensability of the injury and eligibility for and the amount of income and death benefits are reviewed by the court under the substantial evidence rule. *Id.* 410.255.

If the court makes a finding of "substantial change of condition," outside the presence of the jury, the claimant is allowed to present new evidence. *See* TEX LAB.CODE ANN. § 410.307(a),(e).

Of significance, the Workers' Compensation Commission in its Appeals Panel No. 65, filed on September 1, 1994, recognizes that § 410.307 gives the right for claimant access to the court for a hearing on change of condition. The Commission points out that in its ruling that it has no counterpart statute

authorizing the agency to re-open its case.[2]

Neither party in their respective briefs cited this Court to cases which have interpreted the new Workers' Compensation Act on the issue presented by this appeal. Therefore, our initial research began with a study of our Supreme Court's rulings in *Garcia*, 893 S.W.2d at 504, wherein the constitutionality of the Code of 1989 was upheld. We found *ESIS, Inc., Servicing Contractor*, 908 S.W.2d at 554, helpful in approaching the questions presented by this appeal. We, therefore, approach this interpretation under statutory authority and case law.

A common sense approach is necessary because no one would intentionally want to deprive an injured worker compensation where later there developed a "substantial change of condition" from the original injury. The administrative construction of the Act is also persuasive wherein the Workers' Compensation Commission found while they were not permitted to consider the substantial change of condition because of lack of statutory authority permitting the Commission to re-open a final, unappealed decision by a hearing officer. However, the Commission interpreted § 410.307 as statutory authority for the courts to consider the issue of change of condition under statutory judicial review.

Therefore, we hold the case was properly appealed to the District Court of Orange County on the issue of compensability based on a change of condition and an increase in appellant's impairment rating. Nothing in § 410.307 precludes the appealing of the substantial change of condition and the District Court should have permitted claimant to present evidence of substantial change of condition. Appellant should not be denied access to the courts to litigate the question of substantial change of condition because of a lack of rules promulgated by the TWCC for consideration of issues where no notice of appeal was given within the fifteen day requirement.

We overrule appellant's point of error one because of the procedural posture of the administrative requirements; however, we sustain appellant's second point of error and reverse and remand this cause to the trial court for trial on the merits.

REVERSED AND REMANDED.

---

2. Among other provisions in this statute is 410.307(e), which states that the court shall not make its finding of substantial change of condition known to the jury.

It is clear that this statute expressly contemplates and authorizes the actions that a court may take in review of a decision of the Appeals Panel on the basis of substantial change in condition. There is no counterpart statute authorizing the agency to reopen a final, unappealed decision of a hearing officer.