**LUMBERMENS MUTUAL CASUALTY CO., Petitioner,**

v.

**Stan MANASCO, Respondent.**

No. 97–1005.

Supreme Court of Texas.

Argued March 31, 1998.

Decided June 23, 1998.

Jacqueline M. Stroh, Donald Francis Lighty, Beaumont, for Petitioner.

Mike Jacobellis, Beaumont, for Respondent.

ABBOTT, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, HECHT, ENOCH, OWEN, BAKER and HANKINSON, Justices, join.

The issue in this case is whether a workers' compensation claimant who failed to appeal his original impairment rating can reopen the issue months later by arguing, under Texas Labor Code section 410.307, that a "substantial change of condition" has occurred. The trial court granted summary judgment for the workers' compensation insurance carrier, concluding that the issue could not be reopened. The court of appeals reversed. *Manasco v. Lumbermens Mutual Cas. Co.*, 951 S.W.2d 286 (Tex. App.—Beaumont 1997) We hold that a claimant may not use section 410.307 to reopen his impairment rating after his time for appeal has lapsed. We therefore reverse the court of appeals' judgment and render judgment that Manasco take nothing.

## I

In 1989, the Legislature enacted the Texas Workers' Compensation Act to restructure the workers' compensation system. *See Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 510 (Tex.1995). The 1989 Act mandates a three-stage hearing process to resolve disputed claims: 1) a benefit review conference; 2) a contested case hearing; and 3) an administrative appeal. The benefit review conference is a nonadversarial, informal proceeding aimed at resolving disputed issues by mutual agreement. TEX. LAB.CODE § 410.021. The presiding benefit review officer informs the parties of their rights, mediates the dispute, and may ask the parties questions. *Id.* § 410.026(a), (c). The officer does not make a formal record, but prepares a written report detailing each issue not settled at the conference. *Id.* §§ 410.026(d), 410.031(a). The officer then makes a recommendation on the disputed issues and on the payment or denial of benefits. *Id.* § 410.031(b)(4), (5).

If disputed issues remain after the benefit review conference, the parties may elect to arbitrate or proceed to a contested case hearing. TEX. LAB.CODE §§ 410.104, 410.151. The contested case hearing is a formal evidentiary proceeding with sworn testimony and prehearing discovery procedures. *Id.* §§ 410.151–169. The hearing officer decides the disputed issues and issues a written decision, setting forth factual and legal findings and awarding benefits if they are due. *Id.* § 410.168(a). The hearing officer's decision is final absent an appeal. *Id.* § 410.169.

Any party may appeal the hearing officer's decision to a panel of the Texas Workers' Compensation Commission. TEX. LAB.CODE § 410.202. The appeals panel may affirm the hearing officer's decision, reverse and render a new decision, or reverse and remand to the hearing officer for further record development. *Id.* § 410.203. The aggrieved party may appeal the appeals panel's decision to the courts under a modified de novo review. *See Garcia*, 893 S.W.2d at 530.

## II

Stan Manasco injured his back at work on January 20, 1992. He filed a claim for workers' compensation and received temporary benefits for fourteen months. On October 23, 1992, Manasco's treating physician, Dr. Davis, certified that Manasco had reached maximum medical improvement and assigned him a thirty percent impairment rating. Lumbermens Mutual Casualty Company, the workers' compensation carrier for Manasco's employer, disputed the thirty percent impairment rating and requested that the Texas Workers' Compensation Commission designate a doctor to determine Manasco's rating. The Commission appointed Dr. Holmes, who eventually reported that Manasco had reached maximum medical improvement and had an impairment rating of seven percent. After the subsequent benefit review conference failed to resolve the dispute over Manasco's impairment rating, a contested case hearing was held on September 20, 1993. Manasco did not have counsel at the hearing, but relied on an ombudsman's services.

On September 22, 1993, the hearing officer found for Lumbermens, concluding that the seven percent impairment rating that Dr. Holmes—the Commission's designated doctor[1]—assigned had not been overcome by the great weight of contrary medical evidence. See TEX. LAB.CODE § 408.122(c)(report of the designated doctor has presumptive weight unless the great weight of the other medical evidence is to the contrary). When the contested case hearing occurred, no surgery had been recommended or approved. Manasco did not appeal the September 22, 1993 decision, and it became final by statute. See id. § 410.169.

Three months after that contested case hearing became final, Dr. Heilman—the neurosurgeon recommended by Dr. Holmes—recommended that Manasco have surgery. On January 26, 1994, Dr. Heilman operated on Manasco's back. Believing that his condition had worsened after the surgery, Manasco requested a second conference and hearing. Manasco contended that he had experienced a "substantial change of condition," under Texas Labor Code section 410.307, and that additional evidence should be considered on the issues of maximum medical improvement and impairment rating to increase his benefits. At the second contested case hearing on June 28, 1994, the hearing officer concluded that the prior determination of Manasco's impairment rating was final and could not be reopened. Manasco appealed to the Commission appeals panel, which affirmed the hearing officer's decision. Manasco then filed suit in district court, seeking judicial review of the Commission's decision. See TEX. LAB.CODE § 410.251.

In the district court, the parties filed cross motions for summary judgment. Manasco argued that his impairment rating and maximum medical improvement determinations should be modified based on evidence of his "substantial change of condition" under section 410.307. In opposition, Lumbermens contended that section 410.307 was an evidentiary tool that allowed additional medical evidence to be introduced at trial, rather than a substantive provision allowing a claimant's impairment rating to be reopened after a final decision had been rendered. The district court granted Lumbermens' summary judgment motion, and Manasco appealed.

The court of appeals reversed the trial court's judgment. It concluded that section 410.307 permits the district court to consider evidence of a substantial change of condition even though a claimant previously did not file a timely notice of appeal. 951 S.W.2d at 286. We granted Lumbermens' petition for review on the issue of whether Manasco was entitled to reopen the determination of his impairment rating despite his failure to appeal the September 22, 1993 hearing officer's decision.

## III

Under section 410.169 of the Act, the hearing officer's decision is final absent a timely appeal. TEX. LAB.CODE § 410.169. A party has fifteen days after the decision is received

---

1. The designated doctor is one appointed by mutual agreement of the parties or by the Commission to recommend a resolution of a dispute as to the medical condition of an injured employee. TEX LAB.CODE § 401.011(15).

from the hearing officer in which to appeal. *Id.* § 410.202.[2] Manasco chose not to appeal the September 22, 1993 decision assigning him a seven percent impairment rating.

■ The court of appeals held that the district court could consider evidence of Manasco's substantial change of condition under section 410.307, even though he did not appeal his original impairment rating. Section 410.307 states, "evidence of the extent of impairment is not limited to that presented to the commission if the court, after a hearing, finds that there is a substantial change of condition." TEX. LAB.CODE § 410.307(a). The court of appeals treated this section as a substantive grant of review, giving a party the right of access to the court for a hearing to reopen a previous impairment rating decision if the worker subsequently develops a "substantial change of condition." 951 S.W.2d at 290–91. We disagree with this interpretation of section 410.307.

Based on the wording and placement of section 410.307 in the statutory framework, it is clear that section 410.307 is a rule of evidence that applies only in the judicial review of a properly appealed impairment rating decision. Section 410.307 is in the subchapter governing judicial review and is placed immediately after the provision governing the general rules of evidence for judicial review. Section 410.307 is an exception to the general rules of evidence in section 410.306, which states that "evidence shall be adduced as in other civil trials." TEX. LAB. CODE § 410.306(a). Section 410.306 provides that the evidence is limited to that presented to the Commission, "*except as provided in Section 410.307.*" *Id.* § 410.306(c) (emphasis added). Under section 410.307, the evidence on judicial review regarding the extent of impairment is not limited to that presented to the Commission if the court, after a hearing, finds a substantial change of condition. *Id.* § 410.307(a).

■ The review provided by section 410.307 is available only to those parties who have already appealed the contested case hearing officer's decision to an appeals panel and wish to appeal the panel's decision to a court. The party must exhaust administrative remedies before seeking judicial review. TEX. LAB.CODE § 410.251. In the absence of a timely appeal, the decision of the hearing officer regarding benefits is final. *Id.* § 410.169. Section 410.307 may be invoked only by a party who has exhausted administrative remedies, has sought judicial review of the Commission's ruling, and has first learned of a substantial change of condition after the contested case hearing but before trial. *See id.* § 410.307(a)(2), (3)(requiring that the evidence have come to the party's knowledge after the contested case hearing and that it could not have been discovered earlier). After a hearing in which new medical evidence of the substantial change of condition is presented,[3] the trial court may admit the additional impairment evidence. *Id.* § 410.307(a)(1), (b).

■ Manasco contends that section 410.307 is a "safety valve" provision, which allows a party another hearing at any time upon discovery of a substantial change of condition, without regard to whether the party has exhausted his administrative remedies. He argues that restricting the "substantial change of condition" provision to only those claims that are in the appeals process will provide an incentive for parties to appeal merely to preserve the opportunity to argue a potential substantial change of condition if the need later arises. To reach this hypothetical result, Manasco ignores other portions of the Act. A claimant's impairment rating is not final, and remains subject to revision, until the claimant reaches maximum medical improvement. Maximum medical improvement is the point when further material recovery or lasting improvement can no

---

2. The opposing party has 15 days to respond after the copy of the request for appeal is served, and the appeals panel has 30 days in which to file its decision. TEX LAB.CODE §§ 410.202(b), 410.204(a). A party has 40 days after the appeals panel files its decision in which to appeal to the district court. *Id.* § 410.252(a).

3. Evidence of the substantial change of condition may be based on the opinion of the same doctor whose testimony was presented to the Commission, or, if the substantial change of condition is disputed, based on the designated doctor's findings. TEX. LAB CODE § 410.307(a)(1), (b).

longer be reasonably anticipated, or two years after income benefits begin to accrue, whichever is sooner. TEX. LAB.CODE § 401.011(30). Thus, until no further change of condition can be anticipated, maximum medical improvement has not been reached and no impairment rating will be decided until the two-year limit passes. *Id.* § 401.011(23). Manasco contends that insurance carriers' doctors speed cases through the system to a claimant's detriment. However, if an impairment rating is contested, the Commission designates a doctor of its—not the carrier's—choosing. *Id.* § 401.011(15). The designated doctor's determinations of whether the claimant has reached maximum medical improvement and the claimant's impairment rating are accorded presumptive weight. *See id.* § 408.122(c)(report of the designated doctor has presumptive weight unless the great weight of the other medical evidence is to the contrary). In Manasco's case, even his own treating physician concluded that Manasco had reached maximum medical improvement before the initial contested case hearing.

The statutory framework also undercuts the court of appeals' reasoning that "no one would intentionally want to deprive an injured worker compensation where later there developed a 'substantial change of condition' from the original injury." 951 S.W.2d at 291. If the Legislature had wanted to provide an open-ended means to challenge an impairment rating, it could have done so; instead, the Legislature provided a narrow exception to allow a claimant to present evidence of substantial change of condition that is discovered for the first time during the appeal process. Courts should not interpret a statute to provide broader rights than the Legislature intended.

The clear wording of section 410.307 dictates that Manasco's attempt to reopen his impairment rating must fail. Manasco failed to appeal the impairment rating decided by the contested case hearing officer on September 22, 1993. Thus, he failed to exhaust administrative remedies, and the September 22, 1993 impairment rating of seven percent became final. *See* TEX. LAB.CODE § 410.169. Because Manasco failed to exhaust adminis-

trative remedies, he was not entitled to judicial review of his impairment rating. He cannot use a second set of administrative proceedings to bootstrap a belated appeal for judicial review of the unappealed impairment rating. Allowing claimants to do so would distort the Workers' Compensation Act beyond its intent.

\* \* \* \* \*

We hold that Manasco cannot reopen his impairment rating under Texas Labor Code section 410.307 because he failed to timely appeal the original impairment rating. We therefore reverse the court of appeals' judgment and render judgment that Manasco take nothing on his claim. Because of our holding, we do not reach Lumbermens' other points of error.

SPECTOR, J., filed a dissenting opinion.

SPECTOR, Justice, dissenting.

The Court holds today that an injured worker who fails to appeal an impairment rating and a finding of maximum medical improvement may not re-open the issue by presenting evidence of "change of condition." Although it is well settled that workers' compensation legislation is remedial and should be construed in favor of the worker, *Lujan v. Houston Gen. Ins. Co.*, 756 S.W.2d 295, 297 (Tex.1988), the Court's judgment comports with a narrow reading of Texas Labor Code Section 410.307. Because I would hold that an injured worker can re-open his claim based on evidence of "change of condition," I dissent.

I also write to emphasize that the Worker's Compensation Act that became law in 1989 is riddled with procedural pitfalls where a worker may unwittingly waive rights. In creating disincentives for attorneys to represent injured workers in the administrative process, the role of the Commission's ombudsman has become crucial. Yet, the record here suggests that ombudsmen may not adequately "assist unrepresented claimants ... to protect their rights in the workers' compensation system" as they are charged with doing. TEX. LAB.CODE § 409.041(b)(4).

Manasco's treating physician assigned him a thirty percent impairment rating. The Commission's appointed doctor determined Manasco's impairment rating was seven percent. The impairment rating was then found to be seven percent by the contested case hearing officer. Manasco testified the ombudsman discouraged an appeal, advising that it would not be "profitable." This failure to appeal has now barred Manasco from receiving the benefits that may have been warranted as a result of his on-the-job injury.

Throughout the administrative process, an uninformed worker proceeds at his or her peril. For example, a worker must raise all issues in dispute at the benefit review conference because failure to address an issue may prevent the issue from ever being raised. TEX. LAB.CODE § 410.151(b). In addition, sections 410.169 and 410.205 of the Labor Code dictate that decisions of the contested case hearing and the administrative appeals panel are final in the absence of a timely appeal.

Injured workers must rely on ombudsmen if fewer attorneys are willing to take workers' compensation cases under the current Workers' Compensation Act. *See Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 533 (Tex.1995). Thus, it is imperative that the ombudsmen fully inform unrepresented claimants of the consequences of their decisions at each step in the administrative adjudication process.