ALBERTSON'S, INC., Petitioner,

v.

Charles SINCLAIR, Respondent.

No. 98–0945.

Supreme Court of Texas.

Feb. 4, 1999.

Rehearing Overruled March 11, 1999.

Ken W. Good, Tyler, for Petitioner.

Timothy G. Moore, Walter Mark Bennett, Longview, Respondent.

PER CURIAM.

We consider three issues in this petition for review: (1) when is a party, who seeks judicial review of a Texas Workers' Compensation Commission Appeals Panel decision,

required to file a copy of its petition with the Commission under the Texas Labor Code section 410.253; (2) whether "the mailbox rule"[1] applies to section 410.253 filings in judicial review actions under Texas Labor Code chapter 410, subchapter G;[2] and (3) whether an untimely section 410.253 filing with the Commission deprives the trial court of jurisdiction over the judicial review action. We hold that section 410.253 requires a party to file a copy of its petition for judicial review with the Commission on the same day that the party files its petition in the trial court and that the mailbox rule applies to section 410.253 filings in subchapter G judicial review actions. *See* TEX.R. CIV. P. 5. We also hold that untimely filing with the Commission under section 410.253 does not deprive the trial court of jurisdiction. Accordingly, we affirm the court of appeals' judgment remanding the case to the trial court for further proceedings.

Charles Sinclair filed a compensation claim against Albertson's, Inc. with the Texas Workers' Compensation Commission, for an alleged work-related injury. Albertson's contested the compensability of the injury. A Commission hearing officer and an Appeals Panel ruled for Albertson's. The fortieth day after the Appeals Panel's decision was a Sunday. The next day, Sinclair filed a petition with the trial court for judicial review under Texas Labor Code chapter 410, subchapter G and mailed a copy of the petition to the Commission. The Commission received the petition two days later. Albertson's moved to dismiss the judicial review action, alleging that because the Commission did not receive Sinclair's petition within forty days of the Appeals Panel's decision, Sinclair's filing with the Commission was untimely under section 410.253. *See* TEX. LAB. CODE § 410.253. The trial court dismissed the judicial review action for want of jurisdic-

---

1. See Texas Rule of Civil Procedure 5, which provides in part:

   If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

2. *See* TEX. LAB.CODE § 410.301–.308.

tion. The court of appeals reversed the trial court's judgment, concluding that Sinclair's filing with the Commission was timely because the mailbox rule applies to section 410.253 filings. 975 S.W.2d 662. The court of appeals also held that section 410.253's timely filing requirement was directory, not mandatory or jurisdictional.

The Labor Code provides for judicial review of an Appeals Panel decision. *See* TEX. LAB.CODE § 410.251. Chapter 410, subchapter F contains general provisions for judicial review, including:

*Time for Filing Petition; Venue*

A party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division.

TEX. LAB.CODE § 410.252(a).

*Service*

A copy of the petition shall be simultaneously filed with the court and the commission and served on any opposing party.

TEX. LAB.CODE § 410.253.

*Commission Intervention*

On timely motion initiated by the executive director, the commission shall be permitted to intervene in any judicial proceeding under this subchapter or Subchapter G.

TEX. LAB.CODE § 410.254.

In addition, subchapter G provides a modified trial de novo procedure that applies only to judicial review actions involving "compensability or eligibility for or the amount of income or death benefits." TEX. LAB.CODE § 410.301; *see also Lumbermens Mut. Cas. Co. v. Manasco*, 971 S.W.2d 60, 61 (Tex. 1998); *Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 515 (Tex. 1995). Subchapter G also dictates that when the Texas Rules of Civil Procedure conflict with the procedures in subchapter G, subchapter G controls. *See* TEX. LAB.CODE § 410.305.

■ Albertson's asserts that section 410.253 requires a petitioner for judicial review to furnish the Commission a copy of the petition for judicial review any time within section 410.252's forty-day time period for filing the petition. *See* TEX. LAB.CODE § 410.252–.253. We disagree. In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998). We accomplish that purpose, first, by looking to the statute's plain and common meaning. *See Garrison*, 966 S.W.2d at 484. In ordinary usage, "simultaneous" means "existing or occurring at the same time." *See Webster's Third New International Dictionary* (1969). We cannot construe "simultaneous" to mean any time within the same forty days. The plain meaning of "simultaneous" and common sense dictate that we construe section 410.253 to require a party to file its judicial review petition with the Commission and with the trial court on the same day.

■ Albertson's also argues that Commission Rule 102.7 precludes applying "the mailbox rule" to Commission filings under section 410.253. Again, we disagree. Commission Rule 102.7 dictates that documents are timely filed only if the Commission receives them before or during business hours on the last permissible day to file. *See* 28 TEX. ADMIN. CODE § 102.7. However, Rule 102.7 applies "unless otherwise specified in the Act or rules." 28 TEX. ADMIN. CODE § 102.7. The Legislature specified in the Workers' Compensation Act that judicial review actions involving "compensability or eligibility for or the amount of income or death benefits "shall be conducted as provided by [subchapter G]." TEX. LAB.CODE § 410.301. Although subchapter G does not expressly incorporate the Rules of Civil Procedure, the Legislature specified in section 410.305 that when subchapter G conflicts with the Texas Rules of Civil Procedure, subchapter G controls. *See* TEX. LAB.CODE § 410.305. Section 410.305 evinces the Legislature's intent that the Rules of Civil Procedure control unless they conflict with subchapter G. Whether Texas Rule of Civil Procedure 5 conflicts with Commission Rule 102.7 is irrelevant. Because

Rule 5 does not conflict with subchapter G, it applies to subchapter G judicial review actions. Sinclair timely filed his petition with the Commission by sending it to the Commission by first-class United States mail on the day it was due.

Lastly, Albertson's argues that section 410.253's requirement is mandatory and that failure to comply deprives the trial court of jurisdiction over the judicial review action. The court of appeals held that section 410.253 was directory. We conclude that simultaneously filing with the trial court and the Commission is mandatory but not jurisdictional.

■■■ We generally construe the word "shall" as mandatory, unless legislative intent suggests otherwise. *See Schepps v. Presbyterian Hosp. of Dallas,* 652 S.W.2d 934, 936 (Tex.1983). In determining whether the Legislature intended a provision to be mandatory or directory, we consider the plain meaning of the words used, as well as the entire act, its nature and object, and the consequences that would follow from each construction. *See Schepps,* 652 S.W.2d at 936 (citing *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (Tex.1956)). Generally, courts construe a statutory provision as mandatory when the power or duty to which it relates is for the public good. *See State v. City of Greenville,* 726 S.W.2d 162, 169 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Further, just because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional. *See, e.g., Hines v. Hash,* 843 S.W.2d 464, 467 (Tex. 1992). When the statute is silent about consequences of noncompliance, we look to the statute's purpose in determining the proper consequence of noncompliance. *See Hines,* 843 S.W.2d at 468; *Schepps,* 652 S.W.2d at 938. Further, we liberally construe workers' compensation legislation to carry out its evident purpose of compensating injured workers and their dependents. *See Lujan v. Houston Gen. Ins. Co.,* 756 S.W.2d 295, 297 (Tex.1988); *Ward v. Charter Oak Fire Ins. Co.,* 579 S.W.2d 909, 910 (Tex.1979).

■■ The plain meaning of "shall" supports a mandatory construction of section 410.253's simultaneous filing requirement. Moreover, section 410.253's duty to simultaneously serve the Commission relates to the public good. Section 410.254 gives the Commission a right to intervene upon a timely motion in a suit seeking judicial review of a Commission decision. *See* TEX. LAB.CODE § 410.254. Section 410.253's obvious purpose is to enable the Commission to exercise this right. *See* TEX. LAB.CODE § 410.254; *see also* SENATE COMM. OF ECONOMIC DEVELOPMENT, BILL ANALYSIS, Tex. H.B. 3137, 75th Leg., R.S.(1997)(stating that the purpose of a similar notice provision, Texas Labor Code section 410.258, is to ensure that the Commission has notice and an opportunity to intervene in a workers' compensation lawsuit to explain why a judgment or settlement should not be approved by a court). Commission intervention is desirable because it enables the Commission to offer consistent substantive interpretation of workers' compensation laws. *See* Joint Select Committee on Workers' Compensation Insurance, *A Report to the 71st Legislature* 4 (1988). The Commission, as amicus curiae, argues that intervention is often necessary to oppose the parties' efforts to circumvent statutory provisions and to protect the Commission's Subsequent Injury Fund. Again, common sense dictates that, to evaluate whether intervention in a judicial review action is necessary and, if necessary, to timely intervene in the action, the Commission needs prompt notice that a lawsuit has been filed. Therefore, we hold that section 410.253's simultaneous filing requirement is mandatory.

■■ Nevertheless, the liberal construction we must give workers' compensation laws precludes a jurisdictional interpretation. *See Lujan,* 756 S.W.2d at 297; *Ward,* 579 S.W.2d at 910. The purpose behind section 410.253 does not require dismissing the judicial review action for failure to timely file with the Commission. *Accord Hines,* 843 S.W.2d at 468–69 (noting that it is not necessary to the purpose of the Deceptive Trade Practices Act's presuit notice provision to

dismiss the plaintiff's action if notice is not timely provided); *Schepps,* 652 S.W.2d at 938 (noting that it is not necessary to the purpose of the Medical Liability and Insurance Improvement Act's presuit notice provision to dismiss plaintiff's action if notice is not timely provided). Section 410.254 gives the Commission a statutory right to intervene. *See* TEX. LAB.CODE § 410.254. If the Commission receives late notice and requires additional time to intervene, the trial court can abate the judicial review action as necessary.

Moreover, that section 410.253 does not dictate the consequence of noncompliance is significant when considering the entire statute. Section 410.258 requires the petitioner in a judicial review proceeding to provide the Commission a proposed judgment or settlement not later than the thirtieth day before the court is scheduled to enter the judgment or approve the settlement. *See* TEX. LAB. CODE § 410.258(a). Subsection 410.258(b) provides the Commission yet another opportunity to intervene, up to the thirtieth day after receiving the proposed judgment or settlement. *See* TEX. LAB.CODE § 410.253(b). Importantly, subsection 410.258(f) provides that a judgment entered or settlement approved without complying with section 410.258's requirements is void. *See* TEX. LAB. CODE § 410.258(f). That the Legislature could have but did not similarly provide a consequence for noncompliance with section 410.253 suggests that it chose not to do so. *See Chisholm,* 287 S.W.2d at 945.

Therefore, we hold that section 410.253 requires a petitioner for judicial review of a Texas Workers' Compensation Commission Appeals Panel decision to file a copy of the petition with the Commission on the same day it files the petition with the trial court. We hold that the mailbox rule applies to section 410.253 filings in subchapter G judicial review actions. We also hold that compliance with section 410.253, while mandatory, is not jurisdictional. Accordingly, without hearing oral argument, we grant Albertson's petition for review and affirm the court of appeals' judgment. *See* TEX.R.APP. P. 59.1