**Dora TREVINO, Appellant,**

v.

**TRANSPORTATION INSURANCE COMPANY, Appellee.**

**No. 13–97–428–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1999.

Annabell Reed, Houston, for appellant.

Tommy L. Smith, Evelyn T. Ailts, Philips & Akers, Houston, for appellee.

Before Justices DORSEY, HINOJOSA, and KENNEDY.[1]

## ON MOTION FOR REHEARING

Opinion by Retired Justice NOAH KENNEDY.

We withdraw the original opinion previously entered and substitute the following opinion.

Appellant, Dora Trevino, injured her right arm while in the course and scope of her employment with National Health Labs, Inc. Appellee, Transportation Insurance Co., was the workers' compensation carrier for National Health Labs. Approximately six months after the accident she underwent surgery to her wrist and elbow. She was then referred to another doctor, Dr. Moldovan, for rehabilitation.

Approximately two months after her surgery, one of appellant's surgeons told her that she could go back to work. Appellant did not return to work because, according to her, her condition worsened. Dr. Moldovan certified that, as of August 16, 1994, appellant had reached maximum medical improvement (hereinafter MMI) and he assigned her an impairment rating (hereinafter IR) of eight percent. Appellant did not appeal.

Appellant had additional surgery by a different doctor than any doctor she had seen before. This doctor criticized the initial surgery as inadequate. He then

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

released appellant to return to work on August 23, 1995.

Subsequently, the Texas Workers' Compensation Commission sent appellant to a Dr. Belsford who found that she had reached MMI on September 28, 1995 with an IR of eighteen percent. Appellee contested this new impairment rating at the hearing thereon on the grounds that appellant had not disputed the earlier rating within ninety days of its assignment.[2] The contested hearing officer determined that the first certification of MMI and IR did not become final under the provisions of 28 Tex. Adm.Code Sec. 130.5(e) and that appellant reached MMI on September 28, 1995 with an eighteen percent RI. Appellee appealed this holding to the appeals panel which upheld the hearing officer, holding that where there is evidence of inadequate medical treatment, an initial certification of MMI and IR can be deemed invalid which negates the requirement of the ninety day appeal rule (130.5(e)) following the first findings. Appellee then perfected an appeal to the Harris County District Court.

Both parties hereto filed motions for summary judgment. Summary judgment was granted appellee based upon its claim that the clear language of Rule 130.5(e) that appellant's failure to dispute the initial impairment rating within ninety days made the rating final. The fact that both parties filed motions for summary judgment confirms the fact that the dispute is a law question only. In addition, appellant states in her brief that there are no material fact issues in this case.

The granting of summary judgment to appellee is the basis of appellant's sole point of error. She argues that the appeals panel has found in previous decisions that the ninety day rule is not absolute and that the IR does not become final after the passage of ninety days if there was inadequate medical treatment or clear misdiagnosis which arises after the passage of ninety days from the first impairment rating. In support of this argument, appellant cites prior rulings of Workers' Compensation Commission appeals. In addition, she cites V.A.C.S. Art. 8308–2.09(a) to say "the Commission shall adopt rules as necessary for the implementation and enforcement of this subtitle."

Appellant also cites *Sexton v. Mt. Olivet Cemetery Association*, 720 S.W.2d 129, 137–138 (Tex.App.—Austin 1986, writ ref'd.) to say:

> With respect to a power specifically granted the agency,[3] the full extent of that power must be ascertained with due regard for the rule that the legislature generally intends that an agency should have by implication such authority as may be necessary to fulfill a function or perform a duty placed expressly in the agency by the legislature.

However, we note that *Sexton* also holds:

> The agency may not, however, on a theory of necessary implication from a specific power, function or duty expressly delegated, erect and exercise what really amounts to a new and additional power or one that contradicts the statute, no matter that the new power is viewed as being expedient for administrative purposes.

*Sexton*, 720 S.W.2d at 137–8.

All of appellant's argument relates to the power of an agency. In this case the "agency" is the Texas Workers' Compensation Commission and not the appeals panel. Also, we observe that, assuming the power of the appeals panel to interpret the rules of the Commission, this is not to say that the panel has the power to rewrite the rule, which is what appears to have happened here. We are not persuad-

---

2. 28 TEX. ADMIN. CODE § 130.5(e) states, "The first impairment rating assigned to an employee is considered final if the rating is not disputed within 90 days after the rating is assigned."

3. In *Sexton*, the agency was The Banking Department of Texas, a component of the Finance Commission of Texas.

ed by appellant's arguments that the trial court erred in granting summary judgment and would so hold. However, or in spite of the trial court's ruling, a new development is present in the case before us.

Since the initial briefs were filed in this case, the Texas Supreme Court has decided *Lumbermens Mutual Casualty Co. v. Manasco,* 971 S.W.2d 60 (Tex.1998). In its opening sentence, the court laid out the issue presented in simple, but very specific terms, *i.e.,* "the issue in this case is whether a workers compensation claimant who failed to appeal his original impairment rating can reopen the issue months later by arguing, under Texas Labor Code Section 410.307, that a substantial change of condition has occurred." The court then said "we hold that a claimant may not use section 410.307 to reopen his impairment after his time for appeal has lapsed." *Id.* at 61.

For the reasons previously stated, and also in conformity with *Lumbermens Mutual,* we hold Trevino cannot reopen her impairment rating because she failed to timely appeal the original impairment rating. We therefore affirm the judgment of the trial court in granting summary judgment to appellee herein.