In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-00-00846-CV
____________

HARRIS COUNTY EMERGENCY SERVICES DISTRICT # 1, Appellant

V.

ROBERT E. MILLER, Appellee




On Appeal from the 113th District Court 
Harris County, Texas
Trial Court Cause No. 2000-03848-A




OPINION ON EN BANC RECONSIDERATION
          Appellant, Harris County Emergency Services District # 1 (HCESD), a state
political subdivision, appeals the district court’s order dismissing with prejudice its
petition for judicial review of an award of benefits to appellee, Robert E. Miller, by
the Texas Workers’ Compensation Commission (TWCC). On January 23, 2003, this
Court issued an opinion reversing the trial court’s order of dismissal. In an order
dated February 26, 2003, however, this Court, en banc and on its own motion, granted
reconsideration of this appeal. See Tex. R. App. P. 49.7. This Court’s former
judgment of January 23, 2003 is vacated, set aside, and annulled, and we withdraw
our previous opinion of that date and substitute this opinion in its stead. 
          HCESD asserts four issues on appeal, contending that the trial court erred in
entering its order impliedly finding that it lacked either personal jurisdiction over
Miller or subject-matter jurisdiction over HCESD’s appeal. We reverse the trial
court’s order of dismissal for lack of subject-matter jurisdiction and render judgment,
on the merits, that HCESD take nothing. 
Background
          While working as a paramedic for HCESD’s Emergency Medical Service
(EMS) Rapid Response Team, Miller injured his back lifting a patient. He became
disabled for approximately 17 months. After his injury, Miller learned that HCESD
did not provide workers’ compensation insurance benefits under any of the three
options mandated by the Labor Code. Tex. Lab. Code Ann. § 504.011(1)-(3)
(Vernon 1996).


 Initially, HCESD claimed that it did not comply because of an
oversight and paid Miller some medical expenses and benefits, but eventually stopped
paying him.
A.      The Benefit-Review Conference
          Miller filed a TWCC claim for benefits and income, which claims HCESD did
not challenge. The hearing officer at the benefit-review conference


 determined that
(1) Miller had sustained a compensable injury in the course and scope of his
employment; (2) HCESD became a self-insurer by default because it was required to
provide workers’ compensation benefits to its employees, but did not; and (3)
HCESD owed Miller medical expenses and income benefits.
B.      The Contested-Case Hearing
          HCESD challenged the decision of the benefit-review conference at a TWCC
contested-case hearing,


 disputing TWCC’s jurisdiction to order compensation on the
basis that HCESD was a non-subscriber. In its contested-case-hearing decision, the
TWCC overruled the determination of the benefit-review conference and ruled, in
part,


 that (1) HCESD had wilfully and intentionally failed to comply with the
provisions of the Labor Code mandating workers’ compensation benefits; (2) HCESD
nevertheless did not become a self-insurer and was not liable to Miller; and (3)
TWCC had neither jurisdiction nor venue to hear the case. Miller timely appealed the
contested-case hearing decision to the TWCC Appeals Panel. See Tex. Lab. Code
Ann. § 410.202(a) (Vernon 1996) (“Request for Appeal”; “Response”).
C.      The TWCC Appeals Panel
          HCESD did not file a response to Miller’s appeal to the TWCC Appeals Panel,
although it was required by statute to do so. See Tex. Lab. Code Ann. § 410.202(b)
(Vernon 1996). TWCC Appeals Panel No. 112 issued a decision determining that (1)
TWCC had jurisdiction to hear the appeal; (2) venue was proper; (3) HCESD was
required to provide workers’ compensation coverage for its employees; and (4)
having failed to provide insurance under a workers’ compensation policy or to enter
into an interlocal agreement with other political subdivisions to provide self-insurance, as authorized by the Code, HCESD automatically, or by default, extended
these benefits to Miller as a self-insurer. See Tex. Lab. Code Ann. § 504.011(1)-(3). 
The Appeals Panel reinstated earlier compensable-injury determination of the benefit-review conference and ordered HCESD to pay medical and income benefits in
accordance with the Labor Code and TWCC rules.
D.      This Litigation
          HCESD timely filed its petition in the district court for judicial review to set
aside the TWCC Appeals Panel’s decision and to obtain declaratory relief.


 See Tex.
Lab. Code Ann. § 410.252 (Vernon 1996) (“A party may seek judicial review by
filing suit not later than the 40th day after . . . the decision of the appeals panel . . . .”);
see also id. § 504.011(1) (providing for self-insurer method of providing coverage).
          Miller filed a pleading in the district court styled “Plea to Jurisdiction and
Original Answer of Defendant Robert E. Miller Subject Thereto,” asserting that the
trial court lacked both personal and subject-matter jurisdiction over him. Following
the hearing on the plea to the jurisdiction, the trial court granted Miller’s motion and
dismissed HCESD’s case with prejudice. The record on appeal contains no reporter’s
record of the hearing, and the trial court’s order of dismissal states no basis for the
ruling.
          In its fourth issue, which is dispositive of this appeal, HCESD asserts that the
district court erred by impliedly holding that HCESD failed to exhaust its
administrative remedies within the TWCC by not filing a response to Miller’s appeal
to the TWCC Appeals Panel.
Judicial Review of TWCC Decisions
          An agency’s enabling legislation determines the procedures for obtaining
review of agency decisions. Tex. Natural Res. Conservation Comm’n v. Sierra Club,
70 S.W.3d 809, 811 (Tex. 2002). The Labor Code creates a modified trial de novo
procedure that applies only to judicial review of TWCC actions involving “eligibility
for . . . income . . . benefits.” Tex. Lab. Code Ann. § 410.301(a) (Vernon 1996); see
Albertson’s, Inc. v. Sinclair, 984 S.W.2d 958, 960 (Tex. 1999). 
          Parties have no absolute right to challenge an administrative order; the right of
judicial review arises only when (1) a statute creates it, (2) the order adversely affects
a vested property right, or (3) the order otherwise violates a constitutional right. See
Gen. Servs. Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 599 (Tex. 2001);
cf. Dep’t of Protective & Regulatory Servs. v. Schutz, 101 S.W.3d 512, 522 (Tex.
App.—Houston [1st Dist.] 2002, no pet. h.) (“No right of judicial review from the
action of an administrative agency exists unless a statute provides for such review,
the action violates constitutional procedural due process, or the constitution waives
the state’s immunity from suit.”). 
HCESD Failed to Exhaust its Administrative Remedies
          Miller’s motion to dismiss pled, among other grounds urging lack of subject-matter jurisdiction, that HCESD failed to exhaust its administrative remedies by
failing to file a response to Miller’s request for review of the contested-case hearing
officer’s decision with the TWCC Appeals Panel. Although required to do so by
section 410.202(b) of the Labor Code, HCESD did not respond to Miller’s appeal to
the TWCC Appeals Panel. See Tex. Lab. Code Ann. § 410.202(b). By failing to
respond to Miller’s appeal to the Appeals Panel, HCESD failed to comply with one
of the “successive steps in the progress and maturity of [Miller’s] claim” mandated
by the Labor Code and thus failed to exhaust its administrative remedies. See
Lumbermens Mut. Cas. Co. v. Manasco, 971 S.W.2d 60, 62 (Tex. 1998); Ankrom v.
Dallas Cowboys Football Club, Ltd., 900 S.W.2d 75, 78, 79-80 (Tex. App.—Dallas
1995, writ denied). Under prior law, a party’s failure to exhaust its administrative
remedies deprived the trial court of jurisdiction to consider challenges to the
administrative body’s determinations. See Mingus v. Wadley, 285 S.W. 1084 (Tex.
1926), overruled, Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000); Dallas
Cowboys Football Club, Ltd., 900 S.W.2d at 79-80. 
Dubai Petroleum Co. v. Kazi Overruled Mingus 
A. Failure to Exhaust Administrative Remedies No Longer Per Se Jurisdictional
          In Dubai Petroleum Co. v. Kazi, the supreme court held that foreign-citizen
plaintiffs’ burden to demonstrate “equal treaty rights” with the United States was not
a jurisdictional prerequisite to their filing suit but a condition on which their right to
relief depended. Id., 12 S.W.3d at 76-77. In reaching this holding, the supreme court
overruled Mingus to the extent that Mingus held that a trial court categorically lacks
subject-matter jurisdiction over a controversy when a party has failed to comply with
the requirements of a statute. See Kazi, 12 S.W.3d at 76. After Kazi, therefore,
failure of a party to comply with statutory requirements will no longer categorically
constitute a jurisdictional bar to review of an agency determination. See id.; Helton
v. R.R. Comm’n, No. 01-01-01007-CV, slip op. at 13 (Tex. App.—Houston [1st Dist.]
June 5, 2003, no pet. h.); Sierra Club v. Tex. Natural Res. Conservation Comm’n, 26
S.W.3d 684, 688 (Tex. App.—Austin 2000) (Sierra Club I), aff’d on other grounds,
70 S.W.3d 809 (Tex. 2002). Rather, lack of compliance with statutory prerequisites
will, in certain instances, affect only the plaintiff’s right to relief. See Kazi, 12
S.W.3d at 76. By removing the jurisdictional bar as an absolute, while
acknowledging that the bar sometimes will and sometimes will not apply, the Kazi
court implicitly recognized that some statutory prerequisites will remain
jurisdictional. See id. 
          As this Court noted recently in Helton, the opinion of the Third Court of
Appeals in Sierra Club I provides a workable distinction between statutory
requirements that trigger jurisdictional implications after Kazi and those that do not. 
See Helton, slip op. at 13-14 (citing Sierra Club I, 26 S.W.3d at 688). If a statutory
requirement “defines, enlarges, or restricts the class of cause the [trial] court may
decide or the relief the court may award,” the requirement is jurisdictional. Helton,
slip op. at 14 (citing Sierra Club I, 26 S.W.3d at 688). If the statutory requirement
does none of these, it is but a condition on which the plaintiff’s right to relief
depends. Helton, slip op. at 14 (citing Sierra Club I, 26 S.W.3d at 687). 
B. Lack of Compliance with Labor Code § 410.202(b) not Jurisdictional Here
          Under well-settled precedent, compliance with a statutory requirement is not
necessarily jurisdictional, even if mandatory. See Albertson’s, Inc. v. Sinclair, 984
S.W.2d 958, 961 (Tex. 1999). When, as here, a statute is silent about the
consequences of noncompliance, we look to the purpose of the statute to determine
those consequences. Id. Moreover, when construing the Labor Code in conducting
this inquiry, we must interpret the statute liberally “to carry out its evident purpose
of compensating injured workers and their dependents.” Id. 
          Although they predate the supreme court’s Kazi decision, two other recent
supreme court decisions suggest that Kazi mandates rendition of a take-nothing
judgment in Miller’s favor on the merits, rather than dismissal of HCESD’s suit for
want of jurisdiction. As here, both decisions interpreted provisions of the Labor Code
governing suits for judicial review. 
          In Albertson’s, Inc. v. Sinclair, the supreme court construed section 410.252(a)
of the Labor Code, which requires that a party seeking judicial review
“simultaneously” file a copy of its petition with the court and the TWCC and serve
any opposing party. Albertson’s, Inc., 984 S.W.2d at 960; Tex. Lab. Code Ann. §
410.252(a) (Vernon 1996). The worker had served the TWCC two days after having
filed his petition in his suit for judicial review. Albertson’s, Inc., 984 S.W.2d at 959. 
The trial court concluded that the simultaneous-service requirement was both
mandatory and jurisdictional and dismissed the claimant-worker’s suit for judicial
review for want of jurisdiction. Id. at 959-60. The Texarkana Court of Appeals
reversed, holding that the trial court erred by dismissing for want of jurisdiction, and
remanded the cause for further proceedings on the worker’s suit for judicial review. 
Sinclair v. Albertson’s, Inc., 975 S.W.2d 662, 667 (Tex. App.—Texarkana 1998),
aff’d, 984 S.W.2d 958 (Tex. 1999). In affirming the judgment of the court of appeals,
the supreme court agreed that the requirement of simultaneous filing was mandatory,
but reasoned that the liberal construction mandated in interpreting the Labor Code
precluded holding that the requirement was jurisdictional. Id., 984 S.W.2d at 961. 
The Labor Code’s lack of stated consequences for lack of compliance was an
additional factor that weighed against holding that the simultaneous-filing
requirement was jurisdictional. Id. 
          Lumbermens Mut. Cas. Co. v. Manasco, 971 S.W.2d 60, 62 (Tex. 1998), is
much like the instant case. There, the claimant-worker did not complete all steps of
the administrative-appeal process, but instead sought judicial review of a hearing
officer’s contested-case determination of the worker’s impairment rating directly in
district court. 971 S.W.2d at 62. The supreme court concluded that the party seeking
judicial review, in that case the claimant-worker, did not exhaust his administrative
remedies and therefore could not reopen the issue of his impairment rating in the
district court. Id. 
          In reversing the court of appeals, however, the supreme court did not instruct
the trial court to dismiss the worker’s suit for judicial review for want of jurisdiction,
but instead rendered judgment that the claimant-worker take nothing. Id. Under
Manasco, therefore, a party’s failure to exhaust its administrative remedies by
complying with all steps of the administrative-appeals process does not “[go] to the
question of [the trial court’s] jurisdiction” to consider the suit for judicial review. See
Kazi, 12 S.W.3d at 77. Rather, a party’s failure to exhaust its administrative remedies
by complying with all steps of the administrative-appeals process “[goes] in reality
to the right of the appealing party to relief” and not to “the jurisdiction of the court
to afford” that relief. See id.
          Section 410.202(b) of the Labor Code states no consequences that will follow
from failure of a party to comply with the mandatory requirements of the statute. See
id. Albertson’s, Inc., instructs that a statute’s lack of stated consequences is a factor
that militates against a conclusion that lack of compliance with the statute’s
requirements will deprive the trial court of jurisdiction to consider the suit for judicial
review. See id. at 962. Moreover, section 410.202(b) must be construed liberally to
carry out the evident purpose of the Labor Code—to compensate injured workers. 
Albertson’s, Inc., 984 S.W.2d at 961-62. Achieving the finality afforded by judgment
on the merits is consistent not only with this purpose, but also with the finality
considerations that prompted the supreme court’s decision in Kazi. See id. at 76
(“[T]he modern direction of policy is to reduce the vulnerability of final judgments
to attack on the ground that the tribunal lacked subject matter jurisdiction.”). 
          We conclude that the trial court correctly reached its implied conclusion that
HCESD failed to exhaust its administrative remedies. After reconciling Kazi with
Albertson’s, Inc., and Manasco, we further conclude that, by not complying with
Sections 410.202(b) and (c) within the TWCC, HCESD failed to establish its right to
proceed to seek judicial review under section 410.251 of the Labor Code, but that, in
accordance with Kazi, this failure did not preclude the trial court from exercising
subject-matter jurisdiction over HCESD’s suit for judicial review. Because HCESD
had failed to establish its right to proceed, the trial court should have rendered
judgment, on the merits, that HCESD take nothing, instead of dismissing HCESD’s
suit for judicial review for lack of subject-matter jurisdiction. Dismissing HCESD’s
suit for judicial review for want of jurisdiction would not only implicitly reward
HCESD for opting out of the judicial-review process, but would also preclude Miller
from obtaining a final disposition. The vitality and thoroughness of the agency-review process will fast be diluted if parties are allowed the option to participate or
not in the successive phases. 
Conclusion
          We reverse the trial court’s order of dismissal for lack of subject-matter
jurisdiction and render judgment on the merits that HCESD take nothing.
 


     Lee Duggan, Jr. 

 



On original submission, panel consisted of Chief Justice Radack, Justice Duggan,



and former Chief Justice Schneider.


 

En banc reconsideration was requested on the Court’s own motion. Tex. R. App. P.
49.7. 

A majority of the justices of the Court voted in favor of reconsidering the case en
banc. 

The en banc court on reconsideration consists of Chief Justice Radack and Justices
Hedges, Taft, Nuchia Jennings, Keyes, Alcala, Hanks, Higley, and Duggan. 

Justice Duggan, writing for the majority of the en banc Court on reconsideration,
joined by Chief Justice Radack and Justices Taft, Nuchia, Keyes, Alcala, and Hanks. 


Justice Hedges, dissenting, joined by Justice Higley. 

Justice Jennings, not participating and dissenting from denial of sua sponte motion
to withdraw en banc consideration.