**STATE of Texas, Appellant,**

v.

**Alton G. NEW, Appellee.**

**No. 2–04–199–CV.**

Court of Appeals of Texas,
Fort Worth.

Feb. 17, 2005.

Greg Abbot, Attorney General of Texas, Barry R. McBee, Edward D. Burbach, Grady Click and Hector J. Flores, Assistant Attorneys General, Austin, for appellant.

Norman Darwin, Fort Worth, for appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and McCOY, JJ.

**OPINION**

LEE ANN DAUPHINOT, Justice.

The State of Texas, Appellant, appeals the trial court's judgment holding that as a

matter of law Appellee Alton G. New's retirement benefits received are not post-injury earnings (PIE). Because we also hold that as a matter of law New's retirement benefits are not PIE, we affirm the trial court's judgment.

## BRIEF FACTS

On March 2, 2000, after more than fifteen years of employment with the Texas Department of Transportation, New sustained a compensable injury to his lower back and neck. From January 17, 2001 until he reached maximum medical improvement on January 21, 2003, New received workers' compensation indemnity and medical benefits to compensate him for his injury. On September 30, 2001, during the time he was receiving workers' compensation benefits, New became eligible for and began receiving retirement benefits.

Because the State and New were unable to reach an agreement regarding New's average weekly wage (AWW) and whether the retirement benefits received during the time he was receiving compensation were PIE, the Texas Workers Compensation Commission (TWCC) held a contested case hearing to resolve these issues. The hearing officer determined that New's AWW was $598.23 and that the retirement benefits New received were not tied to the provision of personal services, but instead are related to past services; thus, they were not PIE. The State then appealed the hearing officer's decision—that retirement benefits were not PIE—to the TWCC appeals panel. The State, however-er, did not contest New's AWW. The appeals panel affirmed the hearing officer's decision, stating that it saw "no merit in the assertion that retired pay is a 'fringe benefit.'"

The State appealed the appeals panel decision to the trial court. Both New and the State filed motions for summary judgment. In his motion for summary judgment, New argued that as a matter of law retirement benefits are not PIE. In its motion, the State argued that as a matter of law retirement benefits are PIE. The trial court granted New's motion for summary judgment and denied the State's. The State now appeals, arguing that the trial court erred by granting New's motion for summary judgment.

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[1] The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.[2] Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.[3]

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.[4] Evidence

---

1. TEX.R. CIV. P. 166a(c); *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

2. *S.W. Elec. Power Co.*, 73 S.W.3d at 215; *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997); *Great Am. Reserve Ins. Co. v.* *San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

3. *Great Am.*, 391 S.W.2d at 47.

4. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995).

that favors the movant's position will not be considered unless it is uncontroverted.[5]

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.[6]

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented.[7] The reviewing court should render the judgment that the trial court should have rendered.[8]

Furthermore, the commission's interpretation of its own regulations is entitled to deference by the courts, and our review is limited to determining whether the administrative interpretation is plainly erroneous or inconsistent with the regulation.[9]

## POST-INJURY EARNINGS

In its sole issue on appeal, the State argues that the trial court erred by holding that as a matter of law retirement benefits are not PIE and therefore may not be deducted from the amount of temporary income benefits (TIB) the State is required to pay New. We disagree.

The amount of TIB is determined by subtracting the PIE from the employee's AWW.[10] The Labor Code defines wages under the Texas Workers' Compensation Act as "all forms of remuneration payable for a given period to an employee for personal services. The term includes the market value of board, lodging, laundry, fuel, and any other advantage that can be estimated in money that the employee receives from the employer as part of the employee's remuneration."[11] Thus, the employee's total benefit package that can be momentarily calculated is included in his "wage" when calculating AWW. Furthermore, the Texas Administrative Code states:

(c) PIE shall include, but not be limited to, the documented weekly amount of:

(1) all pecuniary wages paid to the employee after the date of injury including wages based on work preformed while on modified duty and pecuniary fringe benefits which are paid to the employee whether the employee has returned to work or not;

(2) any employee contribution to benefits such as health insurance that the employee normally pays but that the employer agrees to pay for the employee in order to continue the benefits (which does not include the portion of the benefits that the employer normally pays for);

(3) the weekly amount of any wages offered as part of a bona fide job offer which is not accepted by the employee which the insurance carrier (carrier) is permitted to deem to be PIE under

5. *Great Am.*, 391 S.W.2d at 47.

6. *Clear Creek Basin*, 589 S.W.2d at 678.

7. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000).

8. *Id.*

9. *See Pub. Util. Comm'n of Tex. v. Gulf States Util.*, 809 S.W.2d 201, 207 (Tex.1991); *Albertson's Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex.1999); *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 710 (Tex.App.-Austin 2003,

pet. denied) (stating that an administrative agency has the power to interpret its own rules, and its interpretation is entitled to great weight and deference).

10. 28 Tex. Admin. Code § 129.3(d) (1999) (Tex. Workers' Comp. Comm'n, Amount of Temporary Income Benefits).

11. Tex. Lab.Code Ann. § 401.011(43) (Vernon Supp.2004–05).

§ 129.6 of this title (relating to Bona Fide Offers of Employment);

(4) the value of any full days of accrued sick leave or accrued annual leave that the employee has voluntarily elected to use after the date of injury;

(5) the value of any partial days of accrued sick leave or accrued annual leave that the employee has voluntarily elected to use after the date of injury that, when combined with the employee's TIBs, exceeds the AWW; and

(6) any monies paid to the employee by the employer as salary continuation based on:

(A) a contractual obligation between the employer and the employee including through a collective bargaining agreement;

(B) an employer policy; or

(C) a written agreement with the employee.

(d) PIE shall not include:

(1) any non-pecuniary wages paid to the employee by the employer after the injury;

(2) any accrued sick leave or accrued annual leave that the employee did not voluntarily elect to use;

(3) any wages paid by the employer as salary supplementation as provided by Texas Labor Code, § 408.003(a)(2);

(4) any moneys paid by the employer which would otherwise be considered PIE under subsection (c) of this section but which the employer attempts or intends to seek reimbursement from the employee or carrier; or

(5) any money paid to an employee under an indemnity disability program paid for by the employee separate from workers' compensation.[12]

The term "fringe benefits" is not defined in the Labor Code under the Texas Workers' Compensation Act. The State, however, argues that the definition provided in the Labor Code under the Texas Unemployment Compensation Act applies.[13] Under that definition, retirement benefits are fringe benefits.[14] Although the Texas Unemployment Compensation Act defines fringe benefits, fringe benefits is not defined in the Labor Code under the Texas Workers' Compensation Act. The definition relied on by the State only applies to the Shared Work Unemployment Compensation Program chapter of the Texas Unemployment Compensation Act,[15] and this definition is not controlling in workers' compensation cases.

In this issue of first impression, we must therefore determine whether retirement benefits are pecuniary fringe benefits that should be considered PIE. Although no Texas appellate courts have addressed this issue, several TWCC appeals panels have addressed the issue.[16] These appeals panels state that fringe benefits deal with compensation for personal services.[17] Furthermore, the panels state that retirement pay is related to past services and

---

**12.** 28 Tex. Admin. Code § 129.2(c)–(d) (1999) (Tex. Workers' Comp. Comm'n, Entitlement to Temporary Income Benefits).

**13.** *See* Tex. Lab.Code Ann. § 215.001(2) (Vernon 1996).

**14.** *Id.*

**15.** *See id.* § 215.001.

**16.** *See, e.g.,* Appeals Panel No. 012361, 2001 WL 1602447, at *2 (Tex. Workers' Comp. Comm'n Nov. 19, 2001); Appeals Panel No. 93404, 1993 WL 266690, at *4 (Tex. Workers' Comp. Comm'n July 8, 1993).

**17.** *See, e.g.,* Appeals Panel No. 012361, 2001 WL 1602447, at *2; Appeals Panel No. 93404, 1993 WL 266690, at *4.

**236**

not tied to personal service.[18] Therefore, the TWCC panels' decisions have found no merit in the assertion that retirement pay is PIE.[19]

■ Consequently, because the Texas Workers' Compensation Act does not define fringe benefits, and because the TWCC appeals panels' conclusions that (1) fringe benefits deal with compensation for personal services, (2) retirement pay is related to past services and not tied to personal service, and (3) retirement pay is not PIE are not plainly erroneous or inconsistent with Texas Administrative Code section 129.2, we must, as the trial court was obligated to do, give deference to the TWCC's interpretation of its own rule.[20]

Therefore, after review of the record under the proper standards,[21] we hold as a matter of law that retirement benefits are not fringe benefits for purposes of determining PIE. Consequently, the trial court did not err by holding that retirement benefits are not PIE. We overrule the State's issue and affirm the trial court's judgment.

---

18. *See, e.g.,* Appeals Panel No. 012361, 2001 WL 1602447, at *2; *Appeals Panel No. 93404,* 1993 WL 266690, at *4.

19. *See, e.g.,* Appeals Panel No. 012361, 2001 WL 1602447, at *2; *Appeals Panel No. 93404,* 1993 WL 266690, at *4.

20. *See Gulf States Util.,* 809 S.W.2d at 207; *Sinclair,* 984 S.W.2d at 961; *see also* 24 Tex. Reg. 11420, 11421 (1999) (explaining in the preamble for section 129.2 that "[t]he re-

quirements of this rule are essentially the same methodology used by the Commission in enforcement actions for the past several years").

21. *See* TEX.R. CIV. P. 166a(c); *S.W. Elec. Power Co.,* 73 S.W.3d 211; *FM Props. Operating Co.,* 22 S.W.3d at 873; *see also Gulf States Util.,* 809 S.W.2d at 207; *Sinclair,* 984 S.W.2d at 961; *Rivera,* 124 S.W.3d at 710.