Petition for Writ of Mandamus Conditionally Granted and Opinion filed
May 21, 2009








 

Petition
for Writ of Mandamus Conditionally Granted and Opinion filed May 21, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00271-CV

____________

 

IN RE ALAN B. LUMSDEN, M.D., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I
O N

On March
26, 2009, relator, Alan B. Lumsden, M.D., filed a petition for writ of
mandamus.  In his petition, relator requests that we compel the respondent, the
Honorable Patricia Hancock, presiding judge of the 113th District Court of
Harris County, to set aside her March 3, 2009 order denying his request to stay
discovery pending resolution of a related interlocutory appeal in this court,
and enter an order staying discovery.  We conditionally grant the writ.  

                                                               Background








On
January 31, 2008, real party in interest, Beverly Shepherd-Sherman, filed a
medical malpractice lawsuit under the Texas Medical Liability Act against
relator, The Methodist Hospital, Michael Joseph Reardon, M.D., and Neal Stephen
Kleiman, M.D. (the Ahealth care defendants@).[1] 
See Tex. Civ. Prac. & Rem. Code Ann. ' 74.001 et seq. (Vernon 2005
& Supp. 2008).  In May 2008, Sherman filed her medical expert report. 
After the health care defendants objected to her expert report, Sherman sought
a thirty-day extension to file a supplemental expert report, which the trial
court granted.  When Sherman filed her supplemental expert report, the health
care defendants again objected and sought dismissal of her claims.  On November
17, 2008, finding Sherman had provided Aan appropriate and statutorily
appropriate@ medical expert report, the trial court overruled those objections and
denied the motions to dismiss her claims.  On November 26, 2008, Methodist
Hospital filed an interlocutory appeal in this court, challenging the adequacy
of Sherman=s expert report pursuant to Section 51.014(a)(9) of the Texas Civil
Practice and Remedies Code.[2]  Tex. Civ.
Prac. & Rem. Code Ann. ' 51.014(a)(9) (Vernon 2008).  The other health care
defendants have not appealed from the trial court=s November 17, 2008 order.  

On
January 22, 2009, Sherman served deposition notices for relator, the other
defendant physicians, and five individuals from Methodist Hospital to commence
on February 18, 2009.  On January 23, 2009, Methodist Hospital moved the trial
court to stay the entire case, including discovery, pending the interlocutory
appeal.  On January 26, 2009, relator filed a motion to quash his deposition
and stay and abate all discovery pending the interlocutory appeal.  








On
February 6, 2009, the trial court stayed commencement of the trial in
accordance with Section 51.014(b) of the Texas Civil Practice and Remedies
Code.  See Tex. Civ. Prac. & Rem. Code Ann. 51.014(b).  After a
hearing on February 9, 2009, the trial court denied relator=s and Methodist Hospital=s motions to stay and, on March 3,
2009, signed that order.[3] 

                                                       Standard of Review

To be
entitled to the extraordinary relief of a writ of mandamus, relator must show
that the trial court clearly abused its discretion and that he has no adequate
remedy by appeal.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex.
2008) (orig. proceeding).  A trial court clearly abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law, or if it clearly fails to correctly analyze or apply
the law.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex.
2005) (orig. proceeding) (per curiam); Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992) (orig. proceeding).  

To
determine if a party has an adequate remedy by appeal, we ask whether Aany benefits to mandamus review are
outweighed by the detriments.@  In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
136 (Tex. 2004) (orig. proceeding).  An appeal from a trial court=s discovery order is not adequate if
the appellate court would not be able to cure the trial court=s error on appeal.  In re Ford
Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); In re
Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding)
(per curiam).  An appeal also is not an adequate remedy when a party stands to
lose a substantial right.  Walker, 827 S.W.2d at 842.  

                                                      Abuse of Discretion








Relator
contends Section 74.351(s) of the Texas Civil Practice and Remedies Code
requires the oral depositions of the health care defendants to be stayed.  Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(s) (Vernon Supp. 2008). 
Sherman responds that section 74.351(s) does not apply to this case because she
has timely filed and served her expert report.  Section 74.351(s) provides for
a stay of discovery:

Until a
claimant has served the expert report and curriculum vitae as required by
Subsection (a), all discovery in a
health care liability claim is stayed except for acquisition by the claimant of
information, including medical or hospital records or other documents or
tangible things, related to the patient=s
health care through:

(1) written
discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;[4]

(2)
depositions on written questions under Rule 200, Texas Rules of Civil
Procedure;[5] and

(3) discovery from nonparties under Rule 205, Texas
Rules of Civil Procedure.[6]

Id. ' (emphasis added).  








Section
74.351(a) requires a health care liability claimant to, not later than the
120th day after the filing of the original petition, Aserve on each party or the party=s attorney one or more expert
reports, with a curriculum vitae of each expert listed in the report for each
physician or health care provider against whom a liability claim is asserted.@  Id. ' 74.351(a).  If an expert report Ahas not been served@ by the deadline set forth in
subsection (a), the court, on the motion of the affected physician or health
care provider shall, subject to subsection (c), enter an order awarding the
physician or health care provider attorney=s fees and dismissing the claim with
respect to that physician or health care provider, with prejudice to refiling
the claim.  Id. ' 74. 351(b).  If an expert report Ahas not been served@ before the statutory deadline
because elements of the report are found deficient, the court may grant one
thirty‑day extension to the claimant in order to cure the deficiency.  Id.
' 74.351(c).  

Relator
asserts that section 74.351(s) stays all discovery, other than the three
enumerated exceptions, in a health care liability cause of action until an Aadequate@ expert report is served on each
health care defendant.  In support of his position, relator relies on two Texas
Supreme Court opinions, Lewis v. Funderburk, 253 S.W.3d 204 (Tex. 2008)
and Leland v. Brandal, 257 S.W.3d 204 (Tex. 2008).  

In Lewis,
the supreme court held an expert report is not Aserved@ unless its content comports with
statutory requisites.   253 S.W.3d at 207B08.  In that case, the plaintiff
argued that subsection (b), which requires dismissal of a plaintiff=s claims when an expert report Ahas not been served,@ must be limited to cases in which
there is no expert report at all.  Id. at 207.  Rejecting the plaintiff=s argument, the supreme court
observed that the Legislature made it clearwhen it enacted subsection (c), that
the phrase Aan expert report has not been served@ includes cases in which an inadequate
report has been served.  Id.  Therefore, the same phrase found in
subsection (b) perforce includes cases in which an inadequate report has
been served.  Id. at 207B08.  








In Leland,
the supreme court rejected the argument that under subsection (c), which
provides Athe court@ may grant a thirty-day extension to allow the claimant an
opportunity to cure the deficiency, only the trial court may grant an extension
if it determines that the expert report is deficient.  257 S.W.3d at 207. 
Instead, the supreme court held either the trial court or the
court of appeals, upon finding the expert report deficient, may grant the
thirty-day extension under section 74.351(c).  Id.  

In
construing a statute, our primary goal is to ascertain and effectuate the
legislature=s intent.  Albertson=s, Inc. v. Sinclair, 984 S.W.2d 958, 960 (Tex. 1999)
(per curiam).  To ascertain the legislature=s intent, we must consider the
statute as a whole, and not to isolated provisions.  Helena Chem. Co. v.
Wilkins, 47 S.W.3d 486, 493 (Tex. 2001).  When Lewis and Leland
are considered together, we conclude that section 74.351(s) requires that
discovery, other than the enumerated exceptions, be stayed in the trial court
when an inadequate expert report has been served.  

Under Lewis,
an expert report has not been served if it is not adequate.  253 S.W.3d at
207.  AWhen a statute uses a term with a
particular meaning, we are bound by the statutory usage.@  Id.  Therefore, consistent
with the analysis in Lewis, the language, Auntil a claimant has served the
expert report,@ means that, until the claimant has served an adequate expert
report, all discovery in a health care liability claim, other than the specific
enumerated exceptions, is stayed.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(s). Under Leland, the
court of appeals, after finding the report deficient, may grant a thirty-day
extension to cure the deficiency.  Leland, 257 S.W.3d at 207. 
Therefore, when a health care defendant challenges the adequacy of an expert
report in the appellate court, the report is not adequate and, therefore, not
served, until the court of appeals determines that it is adequate.  Until the
issue of the adequacy of Sherman=s expert report is resolved in the
pending interlocutory appeal, there has been no service of the report as to
Methodist Hospital.  








An
interpretation staying discovery until final judicial determination that an
expert report is adequate and, therefore, served is consistent with the
legislature=s goal in enacting the Texas Medical Liability Act.  The Legislature has
repeatedly found that traditional rules of litigation create an ongoing crises
in the cost and availability of medical care.  In re McAllen Med. Ctr., Inc.,
275 S.W.3d 458, 461 (Tex. 2008) (orig. proceeding).  To decrease the costs
associated with frivolous suits, expert reports are required soon after filing
as a means of separating meritorious claims from frivolous or premature
claims.  In re Jorden, 249 S.W.3d 416, 420 (Tex. 2008) (orig.
proceeding); see also In re McAllen Med. Ctr., Inc., 275 S.W.3d at 461
(explaining, to address crises in cost of healthcare, Legislature requires that
health care claims must be supported with expert reports).  Therefore, to limit
costs until those reports are produced, the 2003 Texas Legislature enacted
section 74.351(s) to place strict limits on discovery.  In re Jorden,
249 S.W.3d at 420.  Thus, Awhen the Legislature enacted section 74.351, it expressly
found that the benefits of deposing health care providers do not
outweigh the burden and expense involved until after an expert report is
served.@  Id. at 423 (emphasis in
original).  

Relator
further asserts that section 74.351(s) applies uniformly to all heath care
defendants in the litigation, even if only one challenges the adequacy of the
expert report.  Subsection (a) requires the claimant to serve her expert
reports Aon each party or the party=s attorney.@  Tex. Civ. Prac. & Rem. Code
Ann. ' 74.351(a) (emphasis added).  In
keeping with the Legislature=s intent in enacting section 74.351(s), we agree.  Whether
Methodist Hospital remains in the case as a defendant will necessarily affect
the other health care defendants= defenses against Sherman=s claims.  For example, if the
discovery stay applies only to Methodist Hospital, relator and the other health
care defendants would still be required to designate experts and witnesses and
make them available for deposition by the other parties.  If Methodist Hospital=s appeal is unsuccessful, it will, in
all likelihood, incur the expense of examining those previously deposed
witnesses.  Moreover, if Methodist does not prevail on its appeal, it will
incur expenses associated with designating its own experts and witnesses and
making  them available for deposition.  The other health care defendants may
find it necessary to name additional experts or have existing experts
re-deposed in light of Methodist Hospital=s subsequent participation in
discovery.  








The
discovery stay provided under section 74.351(s) is further limited by the
application of subsection (u), which provides:  ANotwithstanding any other provision
of this section, after a claim is filed all claimants, collectively, may take
not more than two depositions before the expert report is served as required by
Subsection (a).@  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(u).  Subsection (s) defines
the types of permissible discovery excepted from the stay imposed prior to
service of the expert report, and subsection (u) restricts all claimants
collectively to taking not more than two depositions of the types of permitted
by subsection (s) during the stay.  In re Huag, 175 S.W.3d 449, 456
(Tex. App.CHouston [1st Dist.] 2005, orig. proceeding).  Therefore, subsections (s)
and (u) bar oral depositions of parties and allow only two oral depositions of
nonparties before the expert report is served.  Bogar v. Esparza, 257
S.W.3d 354, 370 (Tex. App.CAustin 2008, no pet.) (op. on reh=g).  








In her
response to relator=s petition, Sherman asserts thatSection 51.014(b) of the
Civil Practice and Remedies Code does not stay the entire proceedings pending
an appeal from an order denying a motion to dismiss health care liability claim
for failure to serve an expert report.  Relator, however, has not argued that
the underlying case should be stayed pursuant to section 51.014(b), but,
instead, has limited his arguments to section 74.351.  While section 5.1014(b)
provides for the stay of the commencement of trial pending an interlocutory
appeal from an order denying a motion to dismiss a health care liability claim
for failure to serve an expert report, it does not provide for stay of all
proceedings in the trial court pending such appeal.  Tex. Civ. Prac. & Rem.
Code Ann. ' 51.014(b).  Instead, section 51.014(b) provides only for the stay of all
proceedings in the trial court pending interlocutory appeals from the
certification of, or refusal to, certify a class,[7]
the denial of a motion for summary judgment based on official immunity,[8]
and the grant or denial of a plea to the jurisdiction.[9] 
Id.  

However,
section 74.351(s) is the controlling authority here, not section 51.014(b).  AIn the event of a conflict between
[Chapter 74] and another law, including a rule of procedure or evidence or
court rule, this chapter controls to the extent of the conflict.@  Tex. Civ. Prac. & Rem. Code
Ann. ' 74.002(a).  Therefore, to the extent
any conflict exists between sections 74.351(s) and 51.014(b), section 74.351(s)
controls and mandates a stay of discovery other than the enumerated
exceptions.  

                                         No Adequate Remedy by Appeal

Relator
further contends that he does not have an adequate remedy by appeal.  Sherman
maintains that even if Methodist Hospital prevails in its interlocutory appeal,
there will be no prejudice to relator by conducting basic discovery in the
underlying case because he did not appeal the denial of his own motion to
dismiss.  However, as addressed above, the section 74.351(s) discovery stay
applies to all the health care defendants, whether or not they appeal the trial
court=s order finding the report adequate. 









As
already pointed out, undue expense and duplication of discovery will result to
all the health care defendants if oral depositions are not stayed during the
pendency of Methodist Hospital=s interlocutory appeal.  Once the health care defendants are
deposed, the error cannot be cured.  See In re Jorden, 249 S.W.3d at 419B20 (AIf (as relators claim) Texas law
prohibits presuit depositions until an expert report is served, those
depositions cannot be >untaken= and thus an appellate court will not be able to cure the
error and enforce the statutory scheme after trial.@); In re Ford Motor Co., 988
S.W.2d at 721 (explaining appeal from trial court=s discovery order is not adequate if
the appellate court would not be able to cure the trial court=s error on appeal).  Moreover,
relator stands to lose a substantial right, i.e., the benefits of the discovery
stay mandated by section 74.351(s).  See Walker, 827 S.W.2d at 842.  

                                                                Conclusion

We conclude that the trial court abused
its discretion by failing to stay discovery in accordance with section
74.351(s) and that relator does not have an adequate remedy by appeal. 
Accordingly, we conditionally grant the petition for a writ of mandamus and
direct the trial court to vacate its March 3, 2009 order denying relator=s motion to stay discovery and enter a new order
staying discovery pursuant to sections 74.351(s) and 74.351(u).  The writ will
issue only if the trial court fails to act in accordance with this opinion.  We
further lift the stay issued on April 7, 2009.  

 

 

 

/s/        Adele
Hedges

Justice

 

 

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.  









[1]  Sherman also sued W.L. Gore & Associates, Inc.
for product liability.  





[2]  Methodist Hospital=s interlocutory appeal is pending in this court in cause number
14-08-01090-CV.  





[3]  The trial court initially signed an order on
February 18, 2009, that denied relator=s
motion to stay, but did not address Methodist Hospital=s motion to stay.  





[4]  Rule 192.7 defines written discovery as Arequests for disclosure, requests for production and
inspection of documents and tangible things, requests for entry onto property,
interrogatories, and requests for admission.@ 
Tex. R. Civ. P. 192.7(a).  





[5]  Rule 200.1 permits a party to Atake the testimony of any person or entity by
deposition on written questions before any person authorized by law to take
depositions on written questions.@ 
Tex. R. Civ. P. 200(a).  The notice may include a request for production of
documents.  Id. at 200.1(b).  





[6]  Rule 205.1 permits the following types of discovery
from a nonparty:  (1) an oral deposition; (2) a deposition on written
questions; (3) a request for production of documents or tangible things served
with a notice of deposition on oral examination or written questions; and (4) a
request for production of documents and tangible under this rule.  Tex. R. Civ.
P. 205.1(a),(b),(c), and (d).  





[7]  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(3).  





[8]  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(5).  





[9]  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8).