TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-08-00483-CV






Texas Property and Casualty Insurance Guaranty Association for Reliance National
Insurance Company, an impaired company, Appellant


v.


Doris J. Toberny, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-GN-06-003295, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING





M E M O R A N D U M O P I N I ON



 We withdraw the opinion and judgment issued December 9, 2009, and substitute the
following opinion in lieu of the earlier one. 

 Appellant Texas Property and Casualty Insurance Guaranty Association for Reliance
National Insurance Company, an impaired company (1) ("the Company"), filed suit against appellee
Doris J. Toberny for judicial review of a decision of the Division of Workers' Compensation of the
Texas Department of Insurance ("the Division"). The district court entered a final judgment in favor
of Toberny on all issues on which the Company sought judicial review. In four issues on appeal, the
Company asserts that (1) the Division's calculation of Toberny's impairment rating is incorrect;
(2) Toberny's compensable injuries do not include her pre-existing scoliosis and degenerative disc
disease; (3) Toberny was not entitled to supplemental income benefits (2) for the ninth and
tenth quarters; and (4) the Company was not obligated to pay Toberny's attorney's fees. We will
affirm the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 Toberny was employed as an exhibit decorator, setting up and tearing down trade
show exhibits. She injured her back on May 10, 2000, when a registration unit fell on her while she
was working. She sought care with her company doctor, who recommended therapy. After therapy
failed to alleviate her pain, Toberny underwent a nine-level spinal-fusion surgery, performed in two
parts, during which her pre-existing scoliosis was corrected. The surgery left her unable to work and
partially physically impaired. The Company paid for Toberny's surgery as part of a compensable
injury related to her on-the-job injury. However, in December 2001 the Company sent Toberny a
notice of refused or disputed claim, asserting that her May 10, 2000 injury was a sprain or strain to
her lower back only and was not the producing cause of the diagnosis or treatment of scoliosis. The
Company did not, at that time, pursue its disputed claim at a contested-case hearing in the Division
to determine the extent of Toberny's compensable injury.

 On June 26, 2002, Toberny visited Dr. Remon A. Fino to have him assess whether
she had reached maximum medical improvement (3) ("MMI") and, if so, to have him assign a
whole-body impairment rating. (4) Dr. Fino examined Toberny, decided that she had reached MMI,
and assigned her a 15-percent impairment rating. On July 17, 2002, the Company timely filed an
impairment-rating dispute with the Department to contest Dr. Fino's findings. The Division
appointed a designated doctor, Dr. Soignier, to independently determine Toberny's date of MMI and
her impairment rating. See Tex. Lab. Code Ann. § 408.0041 (West 2006). Dr. Soignier determined
that Toberny reached MMI on June 26, 2002 and assigned her a 25-percent impairment rating. After
that designation, the Company did not initiate any further dispute-resolution procedures, but rather
paid Toberny benefits, including eight quarters of supplemental income benefits based on her
25-percent impairment rating, until more than three years later when it contested the propriety of her
impairment rating and began the proceedings that form the basis of this appeal.

 On September 22, 2005, the Company filed a request with the Division to hold a
benefit-review conference concerning Toberny's injuries. The Company's request stated that it was
"disputing [that] the claimant's current medical condition is related to the compensable lumbar
strain," and also stated that it "asserts the continued medical treatment is related to the claimant's
pre-existing scoliosis and degenerative disc disease." The Company sought permission to
discontinue providing "medical treatment and/or any indemnity benefits." On October 4, 2005, the
Division denied the Company's request for a review conference, stating: "[I]t is the injured workers'
[sic] responsibility to pursue extent of injury issues."

 Although it is unclear which party requested the next benefit-review conference, the
record indicates that the Division held a conference in the Tyler field office on March 3, 2006 in
order "to mediate resolution of disputed issues." The parties were unable to come to an agreement,
so the Division held a benefit contested-case hearing on April 25, 2006. After taking evidence, the
hearing officer issued a "decision and order" in which he found that the medical evidence was
uniform in stating that Toberny's pre-existing scoliosis and degenerative disc disease were not
aggravated by her on-the-job injury and that her surgery was done to alleviate problems from
pre-existing conditions only. In addition, however, the hearing officer noted that despite having filed
its dispute to Toberny's first impairment rating in December of 2001, the Company did not file a
dispute to Dr. Soignier's 25-percent impairment rating until September 21, 2005, almost four years
later, and nearly a year and a half after the first three months of Toberny's supplemental income
benefits had been paid. The hearing officer concluded that because the Company had no "pending
dispute" to Toberny's MMI and impairment rating designations before March 3, 2004--the end of
the first quarter of supplemental income benefits--it had waived its right to contest her MMI or
impairment rating under rule 130.102(g). See 28 Tex. Admin. Code § 130.102(g) (2000) (Tex. Div.
Workers' Comp., Eligibility for Supplemental Income Benefits, Amount), recodified at 28 Tex.
Admin. Code § 130.102(h) by 34 Tex. Reg. 2138 (hereinafter "former rule 130.102(g)"). Because
the Company had waived its right to contest Toberny's impairment rating, the hearing officer found
that (1) Toberny reached MMI on June 26, 2002, (2) her impairment rating is 25 percent, (3) her
compensable injury extends to the diagnosed conditions of scoliosis and degenerative disc disease,
and (4) Toberny was entitled to continued supplemental income benefits for the ninth and
tenth quarters. The Division accepted the decision and order of the hearing officer and adopted it
as a final decision of the agency without issuing a written opinion.

 The Company filed suit for judicial review of the Division's final order pursuant to
labor code section 410.301, the statute that provides for "modified trial de novo" in the district court. 
Tex. Lab. Code Ann. § 410.301 (West 2006). After a bench trial, the court rendered judgment
affirming the Division's final order. The judgment stated, in pertinent part, that (1) the deadline in
former rule 130.102(g) is reasonable and valid; (2) Toberny's compensable injury includes the
diagnoses of scoliosis and degenerative disc disease; (3) the Company waived the right to contest
compensability by failing to contest the impairment rating in the time allowed by former
rule 130.102(g); (4) Toberny's impairment rating is 25 percent because of the Company's failure to
timely contest the rating; (5) Toberny is entitled to supplemental income benefits for the ninth and
tenth compensable quarters; (6) Toberny is entitled to $19,000 in attorney's fees for defending her
suit for judicial review in the trial court; and (7) should she be successful in this Court, a reasonable
and necessary amount of attorney's fees for her appeal would be $15,000. The Company appeals.


STANDARD OF REVIEW

 In cases like the present one that ultimately involve issues regarding compensability
and eligibility for income benefits, judicial review of the Division's decision is by modified de
novo trial. See id. § 410.301-.308 (West 2006); see also Morales v. Liberty Mut. Ins. Co.,
241 S.W.3d 514, 519 (Tex. 2007). The party appealing the Division's decision, in this case the
Company, bears the burden of proof by a preponderance of the evidence. Tex. Lab. Code Ann.
§ 410.303. When, as here, the court sits without a jury, the court "shall consider the decision of the
appeals panel" in its deliberation but is not bound by it. Id. § 410.304(b); Morales, 241 S.W.3d
at 516. In determining an impairment rating, the court must adopt one of the specific ratings
previously rendered by a physician. Tex. Lab. Code Ann. § 410.306(c). 

 Insofar as a party claims that an agency acted beyond its statutory authority in
adopting a rule, our review is de novo. Guitar Holding Co. v. Hudspeth County Underground Water
Conservation Dist. No. 1, 263 S.W.3d 910, 917 (Tex. 2008). "An agency may adopt only such
rules as are authorized by and consistent with its statutory authority." Pruett v. Harris County
Bail Bond Bd., 249 S.W.3d 447, 452 (Tex. 2008) (citing Railroad Comm'n v. Lone Star Gas Co.,
844 S.W.2d 679, 685 (Tex. 1992)). That authority can be express or implied. Id. "In deciding
whether a particular administrative agency has exceeded its rule-making powers, the determinative
factor is whether the rule's provisions are 'in harmony with the general objectives of the Act
involved.'" Id. (quoting Gerst v. Oak Cliff Sav. & Loan Ass'n, 432 S.W.2d 702, 706 (Tex. 1968)).


DISCUSSION

 In its first issue, the Company asserts three arguments why Toberny's impairment
rating is not 25 percent: (1) former rule 130.102(g) is invalid and therefore any impairment rating
based on that rule is also invalid; (2) even if former rule 130.102(g) is valid, the Company did
not waive its right to challenge Toberny's MMI and impairment rating because there was a
"pending dispute" as that term is used in the rule; and (3) the evidence conclusively establishes that
the impairment rating was made using non-compensable conditions. We will address each
assertion in turn.

 

Validity of Former Rule 130.102(g)

 The Company asserts that former rule 130.102(g) is invalid because it places an
additional burden on workers' compensation participants not contemplated by statute. It cites to this
Court's opinion in Fulton v. Associated Indemnity Corp., 46 S.W.3d 354 (Tex. App.--Austin 2001,
pet. denied), for support. The Company also asserts that "the legislature's creation of a specific
standard for impairment rating finality, which omits all other forms of finality, precludes the finality
contained in Rule 130.102(g)." 

 Rule 130.102 concerns the eligibility of workers for supplemental income benefits. 
Payment of supplemental income benefits is based on a worker's impairment rating, which is
assigned after a worker has reached MMI. See 28 Tex. Admin. Code § 130.102(b) (2008) (injured
employee must have 15-percent or greater impairment rating and meet other requirements to be
eligible for supplemental income benefits); 28 Tex. Admin. Code § 130.1(b)-(c) (2008) (Div. of
Workers' Comp., Certification of MMI and Eval. of Permanent Impairment) (detailing how to certify
MMI and assign impairment rating). Former rule 130.102(g) finalized a worker's MMI date and
impairment rating if there was no pending dispute prior to the end of the first quarter of supplemental
income benefits. The rule states:


If there is no pending dispute regarding the date of maximum medical improvement
or the impairment rating prior to the expiration of the first quarter, the date of
maximum medical improvement and the impairment rating shall be final and
binding.



Former rule 130.102(g). 

 The Company argues that the rule is invalid because it creates a "statute of
limitations" for challenging MMI and impairment ratings. It asserts that the rule "preclude[s] a
carrier from challenging the relationship of any condition in such an impairment rating after the
expiration of the first quarter of [supplemental income benefits]," and therefore improperly places
an additional burden on the Company not contemplated by statute, akin to the rule this Court held
invalid in Fulton. 

 In Fulton, this Court invalidated a Division rule that barred a worker's right to
bring a challenge to his impairment rating after 90 days from the date the impairment rating was
assigned.  Citing to the supreme court's decision in Rodriguez v. Service Lloyds Insurance Co.,
997 S.W.2d 248 (Tex. 1999), we discussed, as an initial matter, the proposition that MMI and
impairment ratings are inextricably linked, and that making a rule that limits a worker from
contesting his impairment rating has the practical effect of limiting his right to contest the date his
MMI became final. Fulton, 46 S.W.3d at 371. This connection was important to our holding
because the supreme court had previously upheld the Workers' Compensation Act's use of MMI,
which by statute must be finally determined no more than two years after a worker's injury,
as a constitutionally adequate substitute for workers' negligence remedies. See Texas Workers'
Comp. Comm'n v. Garcia, 893 S.W.2d 504, 525 (Tex. 1995). Until he has reached MMI, a worker
may be entitled to temporary income benefits, which the supreme court in Garcia called a
"major benefit." Id. The court in Garcia said that restricting temporary income benefits to a
maximum of two years, which the Act does by deeming a worker to have reached MMI upon the
expiration of two years regardless of his actual condition, was only justified by medical testimony
that indicated the vast majority of workers' conditions stabilize within two years. Id. We reasoned
in Fulton that if a rule cuts off temporary income benefits before the worker's condition has had two
years to stabilize, that rule "might be deemed arbitrary and might call into question the adequacy of
the entire statutory quid pro quo approved in Garcia." Fulton, 46 S.W.3d at 370. We held that the
rule in Fulton was "arbitrary and invalid because it impermissibly shorten[ed] the statutory time
period allotted to an injured worker to achieve MMI." Id. at 372.

 Central to our holding were two tenets of construction relevant to the Workers'
Compensation Act. First, we liberally construe the Act to effectuate its purpose of compensating
injured workers and their families. Id. at 370 (citing Albertson's Inc. v. Sinclair, 984 S.W.2d 958,
961 (Tex. 1999)). Second, "[a]n agency may not supply by implication restrictions on an
employee's rights that are not found in the plain language of the Act." Id. (citing Kroger Co.
v. Keng, 23 S.W.3d 347, 349 (Tex. 2000)) (emphasis added). 

 The reasoning that underpins Fulton does not avail the Company in this case. As
noted above, "[i]n deciding whether a particular administrative agency has exceeded its rule-making
powers, the determinative factor is whether the rule's provisions are 'in harmony with the general
objectives of the Act involved.'" Pruett, 249 S.W.3d at 452 (quoting Gerst, 432 S.W.2d at 706). 
Former rule 130.102(g), as applied in this case to bar the Company from contesting Toberny's MMI
and impairment rating long after they were determined, is in harmony with the objectives of the Act. 
It provides finality for an injured worker, helping to compensate the worker and her family for
on-the-job injuries. It is also consistent with the broad rule-making authority granted to the Division
by statute. See Tex. Lab. Code Ann. § 402.061 (West 2006). The question of whether the rule
supplies by implication any impermissible restrictions on an employee's rights not contemplated by
statute is not before us. With respect to the circumstances presented by this case, Fulton does not
compel the rule's nullification. 

 The Company urges us to hold former rule 130.102(g)--now current rule
130.102(h)--invalid because the legislature enacted a statute specifically addressing the finality of
impairment ratings. See Act of June 20, 2003, 78th Leg., R.S., ch. 1190, § 1, 2003 Tex. Gen. Laws
3397, 3397-98 (codified at Tex. Lab. Code Ann. § 408.123(d)-(g) (West 2006)). Since the
legislature has specifically addressed finality of impairment ratings in a statute, the Company asserts
that former rule 130.102(g), which ties finality to the receipt of supplemental income benefits, is
incompatible with the statute and cites Mid-Century Insurance Co. v. Kidd, 997 S.W.2d 265, 273
(Tex. 1999) (explaining doctrine that legislature's expression of one thing means its exclusion of all
others). We express no opinion as to the applicability of that doctrine in this situation because labor
code section 408.123 does not apply to this case. The 2003 amendment of the labor code provides
that "[t]he change in law made by this Act by amendment"--adding the sections to which the
Company cites--"applies only to a certification of maximum medical improvement and assignment
of an impairment rating that is made on or after the effective date [June 20, 2003] of this Act." 
See Act of June 20, 2003, 78th Leg., R.S., ch. 1190, § 2, 2003 Tex. Gen. Laws 3397, 3397-98. Both
of Toberny's MMI and impairment-rating designations were made in 2002. Since the statute does
not apply to this case, we need not address whether the rule is in conflict with it.


Pending Dispute

 Having found the rule valid in this case, we next address the Company's assertion that
it had a "pending dispute" within the meaning of former rule 130.102(g) and therefore has not
waived its right to contest Toberny's impairment rating. As noted above, on July 17, 2002, the
Company disputed Toberny's first impairment rating, which led to the Division's designation of
another doctor, a second exam, and a new impairment rating. The Company asserts that its original
dispute remains pending, however, and has been pending ever since 2002 because "[t]he passage of
time does not negate the pending nature of a dispute," despite the fact that the Company did nothing
else to dispute Toberny's second impairment rating until September 22, 2005--more than three years
after it filed its first objection to her impairment rating. The Company argues that the original
dispute was not resolved by the designation of a doctor and that doctor's subsequent determination
of an MMI date and impairment rating, but remains "pending" forever until formally and finally
decided by, we assume, either the Division or the courts. The Company cites to several Division
appeals panel decisions for support of its argument. Decisions of the Division's appeals panel in
other cases, of course, are not binding on this Court.

 In the present case, the Company presented no affirmative notice or evidence to the
Division that there was still a pending dispute between Toberny and the Company regarding her
MMI or impairment rating between the time of the Company's first impairment-rating dispute in
2002 and the expiration of the first quarter of Toberny's supplemental income benefits more than
two years later. The Company argues that its complete inaction during this time does not matter
because an impairment-rating dispute is finally resolved only by utilizing the procedures laid out in
chapter 410 of the labor code. See Tex. Lab. Code Ann. §§ 410.002-.308 (West 2006 & West Supp.
2009). We note that those dispute-resolution procedures were available to the Company for
more than three years after the Company requested a designated-doctor review, yet it failed to
employ them. 

 Although the term "pending dispute" is not defined in the rule, it was not
unreasonable for the Division to require the Company to exercise some diligence with respect to the
prosecution of its dispute in order for that dispute to remain "pending" for the purposes of former
rule 130.102(g). To decide otherwise would permit the Company to request a designated-doctor
review and then wait ten, fifteen, or even twenty years without any further indication that it had a
continued dispute about the designated doctor's rating (5)--the entire time paying benefits and
otherwise acting as if there were no pending dispute--before employing the dispute-resolution
procedures in chapter 410. This lack of finality is at odds with the Workers' Compensation Act's
purpose of providing compensation to injured workers and their families. In light of the lack of
evidence of a pending dispute in the present case, the Division did not err by deciding that there was
no pending dispute within the meaning of former rule 130.102(g), nor did the trial court err in
affirming the Division. (6)


Compensability, Extent of Injury, and Waiver Under Rule 130.102(g) 

 The Company next asserts that Toberny's impairment rating is not 25 percent because
a worker's impairment rating must be based on compensable medical conditions and there is
conclusive evidence that her impairment rating was based only on non-compensable conditions. The
Company also claims that the "compensable injury does not extend to and include the diagnosed
conditions of scoliosis and degenerative disc disease of the lumbar and thoracic spine," as found by
the Division and the trial court, because there is legally and factually insufficient evidence to support
that conclusion. In post-submission briefing and on motion for rehearing, the Company also asserts
that the Texas Supreme Court's recent decision in State Office of Risk Management v. Lawton,
295 S.W.3d 646 (Tex. 2009), a case addressing the deadlines for contesting extent of injury, is
dispositive of this case.

 These arguments involve at least three interrelated concepts, which we first define
before discussing in more depth. A compensable injury is defined as "an injury that arises out of and
in the course and scope of employment for which compensation is payable under [subtitle A of the
Workers' Compensation Act]." Tex. Lab. Code Ann. § 401.011(10). An impairment rating is
defined as "the percentage of permanent impairment of the whole body resulting from a compensable
injury." Id. § 401.011(24). The term "extent of injury" is not defined in the code, but relates to
situations where a worker who has sustained an otherwise compensable injury receives treatment for
an injury or other condition that is unrelated to the compensable injury. See id. § 408.0042 (West
2006) (contextually defining extent of injury as "treatment . . . for an injury or diagnosis unrelated
to the compensable injury").

 In the present case, the Division and the trial court found that Toberny's compensable
conditions extended to the diagnosed conditions of scoliosis and degenerative disc disease,
conditions that the Company asserts are beyond the extent of the compensable low-back strain injury
that Toberny suffered. The Division found that former rule 130.102(g) operated to deem those
conditions compensable, reasoning that because the rule finalized Toberny's impairment rating, and
because an impairment rating is calculated using only compensable conditions, the conditions that
went into calculating Toberny's impairment rating--scoliosis and degenerative disc
disease--became compensable as well. The Company argues that the plain language of the rule does
not address compensability and that it was error for the Division and the trial court to read that
requirement into the rule. 

 While it is true that the plain language of the rule does not address compensability,
for the rule to operate to finalize an impairment rating, it is necessary to imply that any condition
used to calculate that rating must be deemed compensable for the purpose of that calculation. If the
compensability of the conditions used to calculate the impairment rating were forever subject to
review, and, if a future finding that a condition used to calculate an impairment rating was not
compensable could invalidate a prior, finalized rating, then the rule could never truly finalize a
rating. For us to hold otherwise here would effectively nullify the rule. Therefore, even assuming
that Toberny's impairment rating was made with non-compensable conditions, the rule functioned
to deem them compensable for the purpose of computing the impairment rating. (7) It was not,
therefore, error for the Division and the trial court to conclude that Toberny's compensable injury
extends to the diagnosed conditions of degenerative disc disease and scoliosis for the purpose of
computing her impairment rating. (8)

 Arguing that it can never waive its right to contest the extent of Toberny's
compensable injury, the Company cites Lawton, a recent supreme court decision addressing whether
the 60-day deadline for an insurance carrier to contest compensability also forecloses a contest to
extent of injury if the carrier had notice of the facts underlying the extent-of-injury dispute before
the 60th day. See 295 S.W.3d at 647; see also Tex. Lab. Code Ann. § 409.021(c) (West 2006)
(waiving carrier's right to contest compensability if not filed within 60 days from date it was notified
of employee's injury). In Lawton, the carrier received notice that Lawton needed surgery on her
knee--a treatment it would later contend was unrelated to her compensable injury--before the
expiration of 60 days from the date it was notified of her injury. 295 S.W.3d at 647. It failed to
bring a dispute within the 60-day time period. Id. Shortly after the 60-day window, the carrier filed
a notice that it was contesting the extent of Lawton's compensable injury. Id. The Division found
that because the carrier had notice of Lawton's supposed need for surgery before the end of the
60-day time period, a reasonable investigation on their part would have led them to discover the full
extent of her claimed injury within that period. Id. The Division reasoned that since the carrier
failed to file a contest within the 60-day window, it waived its right to later contest whether Lawton's
compensable injury included the conditions for which she required surgery. Id. The trial court and
the court of appeals affirmed. 

 In reversing the court of appeals, the supreme court held that labor code section
409.021(c) applies only to contests about compensability; its deadline does not operate to foreclose
disputes regarding the extent of a compensable injury. Id. at 648. That function, the court said, is
performed by Division rule 124.3(e), which states:


Texas Labor Code, §409.021 and subsection (a) of this section do not apply to
disputes of extent of injury. If a carrier receives a medical bill that involves
treatment(s) or service(s) that the carrier believes is not related to the compensable
injury, the carrier shall file a notice of dispute of extent of injury (notice of dispute).
The notice of dispute shall be filed in accordance with §124.2 of this title (relating
to Carrier Reporting and Notification Requirements) and be filed not later than the
earlier of: 


 (1) the date the carrier denied the medical bill; or 


 (2) the due date for the carrier to pay or deny the medical bill as provided
in Chapter 133 of this title (relating to General Medical Provisions).



28 Tex. Admin. Code § 124.3(e) (2009) (Tex. Div. Workers' Comp., Investigation of an Injury and
Notice of Denial/Dispute); see Lawton, 295 S.W.3d at 650-51. The court held that the carrier did
not waive its right to contest extent of injury because it met the deadline set out in the rule. Lawton,
295 S.W.3d at 650-51.


 The Company asserts that Lawton is dispositive here. It argues that, like the carrier
in Lawton, it does not dispute that Toberny was injured, or that her on-the-job injury was
compensable. Rather, the Company disputes that some of the medical treatment she received was
for conditions unrelated to her compensable injury, and that those conditions improperly formed the
basis of her impairment rating. The Company asserts that Lawton decided the issue of whether
"extent of injury disputes may be waived through carrier inaction." The Company also asserts that
the reasoning in Lawton means that "[t]o the extent that the Appeals Panel has recognized the
concept of extent of injury waiver under Rule 130.102(g) it has engaged in improper ad hoc
rulemaking." We conclude that Lawton is not dispositive here. 

 First, Lawton did not decide the issue of whether "extent-of-injury disputes may be
waived by carrier inaction." It decided that the carrier does not waive its extent-of-injury dispute if
it fails to bring the dispute within the 60-day statutory window to contest compensability, even
though it was put on notice of the extent of the claimant's claimed compensable injury. Id. Its
deadline to contest the extent of the claimant's injury is governed by rule 124.3(e). Id. 
Second, contrary to the Company's assertion, the Lawton court did not hold that there "are no
deadlines" to contest extent of injury. It held that extent-of-injury dispute deadlines are found in the
rule. (9) Id. If, in the present case, Toberny submits a medical bill for treatment that, to the Company,
seems to exceed the scope of her compensable injury, nothing in our holding here would foreclose
it from filing a dispute with the Division based on extent of injury. (10) What that dispute cannot do
is reopen long-closed wounds, so to speak, to render an otherwise final impairment rating invalid. 
Doing so is supported neither by the common-sense application of former rule 130.102(g) nor by the
holding and the reasoning of Lawton. (11)


Others Issues Fail Due to Waiver

 The Company asks us to declare that "there is no valid impairment rating from which
to decide the impairment rating issue" and to remand this portion of the case to the Division for a
new dispute-resolution process. Because former rule 130.102(g) is valid, and because the Company
did not have a "pending dispute" within the meaning of the rule, for the reasons discussed above, the
Division did not err in holding that the Company had waived its rights to contest this issue, nor did
the trial court err in affirming the Division. We overrule the Company's first issue.

 The Company notes that expert-witness testimony is needed to establish causation
as to medical conditions outside the knowledge of normal individuals. We need not reach this issue
because former rule 130.102(g) bars the Company from contesting Toberny's finalized impairment. 
We overrule the Company's second issue.

 In its third and fourth issues, the Company claims that Toberny is not entitled to
supplemental income benefits for the ninth and tenth quarters and that she is not entitled to attorney's
fees for defending the Company's suit against her in district court and its appeal in this Court. 
Supplemental income benefits are payable to injured workers whose impairment ratings are
15 percent or greater from a compensable injury. See Tex. Lab. Code Ann. § 408.142(a) (West
2006). For the reasons stated above, we affirm the Division's determination that Toberny's
impairment rating is 25 percent; therefore, the Company's third issue is overruled. Attorney's fees
are awarded to a claimant when an insurance carrier appeals a decision of the Division and the
claimant "prevails on an issue on which judicial review is sought by the insurance carrier in
accordance with the limitation of issues contained in Section 410.302." Id. § 408.221(c). Since
Toberny is the prevailing party in both her suit for judicial review and this appeal, the Company is
required to pay her reasonable and necessary attorney's fees. (12) We overrule the Company's
fourth issue. 

 

CONCLUSION

 Having overruled the Company's four issues on appeal, we affirm the judgment of
the trial court.


 


 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed on Motion for Rehearing

Filed: March 19, 2010
1. For simplicity, we refer to both Reliance National Insurance Company and its receiver and
successor in interest, Texas Property and Casualty Insurance Guaranty Association, as "the
Company." 
2. Supplemental income benefits are paid to injured workers whose other income benefits
have run out, who have an impairment rating of 15 percent or greater, and who meet other required
statutory criteria. Tex. Lab. Code Ann. § 408.142(a) (West 2006).
3. A worker reaches maximum medical improvement (1) when her condition stabilizes,
(2) even if her condition has not yet stabilized, at two years from the date of her injury, or (3) in the
case of a worker who has had spinal surgery and whose condition has not stabilized within two years
from the date of injury, at some later date as decided by the Division pursuant to labor code
section 408.104 and the Division's rules. Id. § 401.011(30).
4. A doctor assigns an impairment rating pursuant to guidelines specified by statute. 
See id. § 408.124. The rating is given as a percentage of whole-body impairment resulting from a
compensable injury. Id. § 401.011(24).
5. For example, the labor code, as it existed when the designated doctor rendered his
impairment rating, allowed a carrier that was unsatisfied with the designated doctor's impairment
rating to request that the Division order the employee "to attend an examination by a doctor selected
by the insurance carrier." Act of May 25, 2001, 77th Leg., R.S., ch. 1456, § 5.02, 2001 Tex. Gen.
Laws 5167, 5182 (formerly Tex. Lab. Code Ann. § 408.0041(f)).
6. We note that the legislature has since amended the labor code to address the issue of
impairment-rating finality. See Act of June 20, 2003, 78th Leg., R.S., ch. 1190, § 1, 2003 Tex. Gen.
Laws 3397, 3397-98 (codified at Tex. Lab. Code Ann. § 408.123(d)-(g) (West 2006)). 
Section 408.123 finalizes undisputed impairment ratings within 91 days of certification, subject to
reexamination in certain limited cases. Tex. Lab. Code Ann. § 408.123(e), (f) (West 2006).
7. We note that with the adoption of section 408.123(f) in 2003, the legislature addressed this
issue directly by providing that a finalized impairment rating can be disputed based on "compelling
medical evidence" evincing (1) a significant error in applying the American Medical Association
Guidelines or in calculating the impairment rating, (2) a clearly mistaken diagnosis or undiagnosed
condition, (3) improper or inadequate treatment of the injury that would render the impairment rating
invalid, or (4) other "compelling circumstances" as decided by the Division. Id. § 408.123(f)(1). 
For reasons noted above, this procedure was not available to the parties in the present case, but will
govern future cases with respect to this issue.
8. Our opinion clarifies the trial court's judgment with respect to its findings of the extent of
Tobery's compensable conditions. The trial court's judgment states that "[t]he compensable injury
of May 10, 2000, does extend to and include the diagnosed conditions of scoliosis and degenerative
disc disease of the lumbar and thoracic spine." Those conditions are deemed compensable for the
purpose of Toberny's finalized 25-percent impairment rating. For reasons discussed below, deeming
these conditions compensable for the purpose of Toberny's finalized impairment rating does not
mean that the Company has waived, for all time, its ability to bring an extent-of-injury contest, but it
does prohibit any such challenge from disturbing Toberny's finalized 25-percent impairment rating.
9. It is fair to say that rule 124.3(e) evinces a "rolling deadline" insofar as a carrier would be
allowed to pay bills for treatment that exceeded the scope of the compensable injury without waiving
its rights to contest future medical bills for extent of injury as they come in. In other words, a
carrier's "inaction" or lack of diligent review of submitted medical bills before paying them would
not foreclose its ability, when presented with another bill some time in the future, to contest that
treatment as beyond the scope of the compensable injury. 
10. We note, however, that extent-of-injury contests about past medical bills--i.e., bills that
the carrier has received for which extent-of-injury contests have not been filed within the time
allowed by rule 124.3(e)--are likely barred by the rule. See 28 Tex. Admin. Code 124.3(e) (2009).
11. In 2005, the legislature added a procedure to define the extent of a compensable injury. 
See Act of May 20, 2005, 79th Leg., R.S., ch. 265, § 3.085, 2005 Tex. Gen. Laws 469, 511-12
(codified at Tex. Lab. Code Ann. § 408.0042 (West 2006)). We need not speculate about the
interplay of rule 124.3(e) and section 408.0042. We note only that a medical exam conducted under
section 408.0042, had that option existed at the time of Toberny's surgery, would have forestalled
many of the issues presented in this appeal.
12. The Company does not contest the amount of attorney's fees awarded by the trial court.