

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00104-CV

IN RE BYRON GAYLE BREHMER                    RELATOR

----------

## ORIGINAL PROCEEDING

----------

## OPINION

----------

Relator Byron Gayle Brehmer contends the county court lacked subject matter jurisdiction to consider his appeal from the justice court's decision divesting him of ownership of thirty horses pursuant to health and safety code section 821.023.  *See* Tex. Health & Safety Code Ann. § 821.023 (West Supp. 2013).  For the reasons explained below, we deny relator's petition for writ of mandamus.

## Background

Relator's horses were seized pursuant to a warrant issued by the justice court on February 14, 2014. After a hearing on February 26, the justice court found that Relator cruelly treated the horses and divested him of ownership. The court ordered that the horses be sold at public auction or given to a nonprofit animal shelter, pound, or society for the protection of animals. Relator timely appealed the order to the county court, and the justice court delivered a copy of the clerk's record to the county court clerk on March 7. *See id.* § 821.025(b), (c) (West Supp. 2013).

The county court set the matter for jury trial on March 31. On March 20, Relator filed a plea to the jurisdiction with the county court, contending that it lacked jurisdiction over the appeal because the justice court failed to hold a hearing to determine whether Relator's horses had been cruelly treated within ten calendar days of the date the warrant was issued. *See id.* § 821.022(b) (West 2010) ("On a showing of probable cause to believe that the animal has been or is being cruelly treated, the court . . . shall issue a warrant and set a time within 10 calendar days of the date of issuance for a hearing . . . to determine whether the animal has been cruelly treated.").

On March 28, Relator filed his petition for writ of mandamus requesting that this court compel Respondent, the Honorable Kenneth Liggett, presiding judge of Clay County Court, to grant Relator's plea to the jurisdiction, to dismiss

2

the case with prejudice, and to order Relator's horses be returned to him. Before the jury trial began on March 31, the county court denied Relator's plea to the jurisdiction. On April 2, the jury returned a verdict finding that Relator unreasonably deprived the seized horses of necessary food, water, and care.

**Analysis**

In three issues, Relator presents an issue of first impression in this court regarding the county court's subject matter jurisdiction over an appeal from a justice court's order divesting an owner of ownership of an animal under health and safety code section 821.023, contending that the deadlines set forth in sections 821.022(b) and 821.025(d) are jurisdictional. *See id.* § 821.022(b), § 821.025(d) (West Supp. 2013). In his first and third issues, Relator argues that the justice court's failure to hold a hearing to determine whether Relator's horses had been cruelly treated within ten calendar days of the date the warrant was issued as required by section 821.022(b) deprived both the justice court and the county court of jurisdiction. *See id.* § 821.022(b). In his second issue, Relator contends that the county court's failure to consider and dispose of his appeal from the justice court's order within ten calendar days after the county court received a copy of the clerk's record from the justice court as mandated by section 821.025(d) also deprived the county court of jurisdiction. *See id.* § 821.025(d) ("Not later than the 10th calendar day after the date the county court

3

or county court at law, as appropriate, receives a copy of the clerk's record, the court shall consider the matter de novo and dispose of the appeal.").

To determine whether the statutory deadlines in these sections are jurisdictional, we apply statutory construction principles. *See Wichita Cnty. v. Hart*, 917 S.W.2d 779, 783 (Tex. 1996) ("If the provision's wording does not indicate whether the Legislature wanted courts to consider it jurisdictional, we must resolve the issue by applying the rules of statutory construction."). Our goal is to ascertain the legislature's intent. *City of Desoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009); *see Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004) ("Since the Legislature is bound to know the consequences of making a requirement jurisdictional, one must ask, in trying to determine legislative intent, whether the Legislature intended those consequences."), *superseded by statute*, Tex. Gov't Code Ann. § 311.034 (West 2013).[1] In determining whether the legislature intended a provision to be jurisdictional, we may consider the plain meaning of the statute, "the presence or absence of specific consequences for noncompliance," the purpose of the statute, and "the consequences that result from each possible interpretation." *White*, 288 S.W.3d at 395; *see Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 495 (Tex. 2001).

---

[1] Although the legislature subsequently provided that the notice requirement at issue in *Loutzenhiser* was jurisdictional, the court's reasoning remains valid with respect to the statutory analysis of alleged jurisdictional provisions. *White*, 288 S.W.3d at 393.

We address the first two factors together and begin by examining the text of the two statutes. Section 821.022(b) provides as follows:

> On a showing of probable cause to believe that the animal has been or is being cruelly treated, the court or magistrate shall issue the warrant and set a time within 10 calendar days of the date of issuance for a hearing in the appropriate justice court or municipal court to determine whether the animal has been cruelly treated.

Tex. Health & Safety Code Ann. § 821.022(b). Section 821.025(d) states:

> Not later than the 10th calendar day after the date the county court or county court at law, as appropriate, receives a copy of the clerk's record, the court shall consider the matter de novo and dispose of the appeal. A party to the appeal is entitled to a jury trial on request.

*Id.* § 821.025(d).

The Code Construction Act defines "shall" as follows: "'Shall' imposes a duty." Tex. Gov't Code Ann. § 311.016(2) (West 2013). Courts generally construe "shall" as mandatory, but it "may be and frequently is held to be merely directory." *Chisholm v. Bewley Mills*, 155 Tex. 400, 403, 287 S.W.2d 943, 945 (Tex. 1956); *see Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999). Mandatory statutory duties are not necessarily jurisdictional. *Helena Chem. Co.*, 47 S.W.3d at 494; *Sinclair*, 984 S.W.2d at 961. Absent clear legislative intent, we resist classifying a statutory provision as jurisdictional. *See White*, 288 S.W.3d at 393; *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (noting modern trend against exposing final judgment to attack on subject matter jurisdiction by treating statutory prerequisites as jurisdictional).

5

Here, the plain language of sections 821.022(b) and 821.025(d) indicates that the deadlines are mandatory, but the statutes do not contain any explicit language indicating that failure to comply with these deadlines deprives either the justice court or the county court of jurisdiction. *See White*, 288 S.W.3d at 394 (stating that a mandatory statutory requirement is presumed not to be jurisdictional and that the presumption may be "overcome only by clear legislative intent to the contrary"); *see also Tex. Dep't of Pub. Safety v. Guerra*, 970 S.W.2d 645, 648–50 (Tex. App.—Austin 1998, pet. denied) (holding, where there was no jurisdictional language, that transportation code section 524.032, providing that hearing on suspension of driver's license "shall be held" within forty days of driver receiving notice of suspension, is directory and failure to hold hearing within forty days does not preclude Department from suspending license). Although both sections set forth deadlines, the statutes provide no guidance on the consequences for noncompliance with these deadlines. *See White*, 288 S.W.3d at 396 ("We have also looked for 'the presence or absence of specific consequences for noncompliance' in determining whether a provision is jurisdictional."); *State v. $435,000*, 842 S.W.2d 642, 644 (Tex. 1992) ("If the Legislature had intended dismissal to be the consequence of a failure to hear a forfeiture case within the prescribed period, it could easily have said so."); *see also Sinclair*, 984 S.W.2d at 961 ("[J]ust because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional.").

6

In considering the third factor, we note that the legislature did not expressly declare the statute's purpose, but at least one court has stated that the statute's primary goal is protecting the welfare of animals. *See Pine v. State*, 921 S.W.2d 866, 873 (Tex. App—Houston [14th Dist.] 1996, writ dism'd w.o.j) (stating that the legislature has "evidenced a willingness . . . to view animals as something more than personal property subject to the vicissitudes of an owner's rage, abuse, or neglect"). And we agree with Relator that the intent behind sections 821.022(b) and 821.025(d) is to provide for an expedited process in animal cruelty cases. *See* Senate Comm. on Criminal Justice, Bill Analysis, Tex. H.B. 963, 82nd Leg., R.S. (2011) ("The purpose of H.B. 963 is to . . . expedite the appeal so that the animals are not held in limbo for an extended period of time; and provide adequate recovery of impound and care costs incurred during the litigation process."). The purpose of the hearing before the justice court is to determine whether the owner has cruelly treated the animal. *See* Tex. Health & Safety Code §§ 821.023(d)–(e)(2), (g). If the justice court determines that the owner has not cruelly treated the animal, the court shall order the animal returned to the owner. *Id.* § 821.023(g). Section 821.025 provides a mechanism through which the owner can appeal the justice court's order. *See id.* § 821.025. The ten-day limitations in sections 821.022(b) and 821.025(d) afford owners a prompt, orderly procedure by which they can seek return of seized animals. *See id.* §§ 821.022(b), 821.025.

7

The fourth factor—consideration of the implications of alternative interpretations—suggests that sections 821.002(b) and 821.025(d) are not jurisdictional. If we held that these deadlines were jurisdictional, lack of jurisdiction would leave a decision vulnerable to collateral attacks well after completion of the proceedings, even after the animal has a new owner or has been humanely destroyed. *See id.* § 821.023(d) (providing that if the county court finds that the animal's owner has cruelly treated the animal, the owner shall be divested of ownership of the animal and the court shall order a public sale of the animal by auction, order the animal be given to an animal shelter or animal welfare organization, or order the animal humanely destroyed); *Kazi*, 12 S.W.3d at 76 ("[A] judgment will never be considered final if the court lacked subject-matter jurisdiction."). Construing the deadlines in sections 821.022(b) and 821.025(d) as jurisdictional would not be reasonable. *See* Tex. Gov't Code Ann. 311.021(3) (West 2013) (providing that it is to be presumed the legislature intends just and reasonable results when it enacts statutes); *Kazi*, 12 S.W.3d at 76 (recognizing that deeming a provision jurisdictional "opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment").

Accordingly, we hold that the deadlines in health and safety code sections 821.022(b) and 821.025(d) are not jurisdictional.[2] *See, e.g.*, *In re E.D.L.*, 105

---

[2] We acknowledge that in *In re Strachan*, an original proceeding in which the relator challenged the county court's dismissal of his appeal from a justice

8

S.W.3d 679, 688 (Tex. App.—Fort Worth 2003, pet. denied) (holding that although family code section 262.201(a) requires a trial court to conduct a full adversary hearing within fourteen days of the date a governmental entity takes possession of a child, the requirement is procedural, not jurisdictional). We deny relator's petition for writ of mandamus.

/s/ Anne Gardner

ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DELIVERED:  April 24, 2014

---

court's decision divesting him of ownership of animals under section 821.023, our sister court, citing section 821.025(d), determined that "[t]he county court at law lost jurisdiction ten days after it received the clerk's record, and it could not rule on relator's appeal after that date."  No. 05-12-00640-CV, 2012 WL 1833895, at *1 (Tex. App.—Dallas May 21, 2012, orig. proceeding) (mem. op.).  The opinion contains no statutory analysis in arriving at its conclusion, and therefore, we decline to follow it.