

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00366-CV

_____

IN RE J.H. AND J.H., Relators

---

Original Proceeding
362nd District Court of Denton County, Texas
Trial Court No. 20-4843-362

---

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

J.D.H. (Mother) and her husband J.M.H. (Husband) (collectively, Relators) seek mandamus relief from the trial court's denial of their motion to dismiss real party in interest F.H.'s suit to adjudicate parentage and suit to affect the parent-child relationship (SAPCR) based on lack of standing. Because F.H. (RPI) had standing to bring this suit under Texas Family Code Sections 160.602 and 102.003(a)(8), the trial court did not abuse its discretion by denying their motion. *See* Tex. Fam. Code Ann. §§ 102.003(a)(8), 160.602. Accordingly, under the applicable standard of review, *see In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020), we deny mandamus relief.

### Background Facts

Mother gave birth to a child in February 2011. Because Relators have an open marriage and Mother had been in a romantic relationship with RPI, Mother purchased paternity tests about a week after the child's birth. These tests revealed that RPI was the child's biological father. While RPI has occasionally lived in the same house as Relators and the child, he has not done so since 2015. However, RPI has remained involved in the child's life, and the child refers to both Husband and RPI as his dad.

In June 2020, RPI filed this suit to adjudicate paternity and SAPCR seeking conservatorship and child support. *See* Tex. Fam. Code Ann. § 160.610 (allowing a person to combine a proceeding to adjudicate parentage with a proceeding for possession or access to a child or for child support). Relators filed a motion to strike and motion to dismiss arguing that RPI lacked standing and that the case was barred

by limitations under Family Code Section 160.607, which requires a suit to adjudicate paternity to be brought within four years of a child's birth if the child has a presumed father. *Id.* § 160.607. The trial court denied their motion after a hearing. Relators then filed this mandamus proceeding.[1]

## Standing

### Section 160.602

Under Family Code Section 160.602, RPI has standing to file a suit to adjudicate parentage. That section provides that "[s]ubject to Subchapter D and Sections 160.607 and 160.609 . . . , a proceeding to adjudicate parentage may be maintained by . . . a man whose paternity of the child is to be adjudicated." Tex. Fam. Code Ann. § 160.602(a)(3). RPI is an alleged biological father[2] seeking an adjudication of his parentage. Thus, he has standing to sue for an adjudication of parentage. *See In re Sullivan*, 157 S.W.3d 911, 919 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding).

---

[1]Although the "denial of a motion to dismiss based on lack of standing is generally considered an incidental ruling for which appeal is an adequate remedy," in a SAPCR action, mandamus relief is appropriate for an order denying a motion to dismiss for lack of standing because of "the unique and compelling circumstances presented" in such cases. *In re Martin*, 523 S.W.3d 165, 169 (Tex. App.—Dallas 2017, no pet.).

[2]The mandamus record contains a January 2011 email from Mother informing RPI that she had ordered DNA tests and stating that she "didn't get the legal documented ones." Relators do not, however, assert that the DNA test fails to satisfy the requirements for genetic testing under the Family Code, *see* Tex. Fam. Code Ann. § 160.503, or dispute that RPI is the child's biological father.

Relators argue, however, that in order for RPI to have standing, he had to have sued within the limitations period in Section 160.607. *See* Tex. Fam. Code Ann. § 160.607(a). We disagree. While the legislature can choose to make a filing deadline jurisdictional, generally a statute of limitations provides an affirmative defense, not a jurisdictional hurdle. *See Day v. McDonough*, 547 U.S. 198, 205, 126 S. Ct. 1675, 1681 (2006); *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010) (orig. proceeding); *see also In re Brehmer*, 428 S.W.3d 920, 922 (Tex. App.—Fort Worth 2014, orig. proceeding) ("Absent clear legislative intent, we resist classifying a statutory provision as jurisdictional."). With respect to Section 160.607, this court has previously treated the question of whether an alleged biological father has standing as one separate from the question of whether limitations have run. *See In re J.C.*, 594 S.W.3d 466, 475 (Tex. App.—Fort Worth 2019, no pet.).[3] Further, a holding that Section 160.602 confers standing only until the limitations period expires would arguably conflict with the Texas Supreme Court's holding that a biological father's standing to adjudicate parentage is constitutionally mandated in some circumstances. *See In re J.W.T.*, 872 S.W.2d 189, 195 (Tex. 1994); *see also Brehmer*, 428 S.W.3d at 923 (stating that in deciding whether a statute is jurisdictional, we consider the

---

[3]In *J.C.*, we stated that Section 160.607 presupposes that a biological father has standing, and we then upheld the trial court's denial of his petition to adjudicate parentage based on limitations. *J.C.*, 594 S.W.3d at 475, 477; *see also Brehmer*, 428 S.W.3d at 923 (considering a statute's plain meaning in determining whether the statute is jurisdictional).

implications of alternative interpretations). Accordingly, we decline to apply Section 160.607 as a limitation on the standing conferred by Section 160.602.[4]

**Section 102.003**

RPI also has standing to bring the SAPCR portion of his suit. Family Code Section 102.003 provides standing to individuals for SAPCR suits, and Subsection (a)(8) specifically confers standing on "a man alleging himself to be the father of a child filing in accordance with Chapter 160, subject to the limitations of that chapter, but not otherwise." Tex. Fam. Code Ann. § 102.003(a)(8). While RPI's amended petition did not cite this subsection, the allegations in his petition support standing on that basis because RPI alleged that he is the biological father of the child and sought an adjudication of parentage under Chapter 160. Accordingly, RPI has standing under Subsection (a)(8) to file the SAPCR portion of his suit in conjunction with his suit to adjudicate parentage.[5]

---

[4]In *In re H.C.S.*, the San Antonio Court of Appeals held that the standing conferred by Section 160.602 is subject to the statutory provisions in Subtitle D of Chapter 160 regarding voluntary acknowledgments of paternity. 219 S.W.3d 33, 36–37 (Tex. App.—San Antonio 2006, no pet.). However, that case is factually distinguishable from this case and does not involve Section 160.607 or whether that section is a limit on standing.

[5]Because RPI has standing under Sections 102.003(a)(8) and 160.602, we do not address Relators' arguments challenging RPI's other asserted bases for standing.

## Conclusion

Because RPI has standing to file the suit to adjudicate parentage and SAPCR, the trial court did not abuse its discretion by denying Relators' motion. Accordingly, we deny relief, and we lift our November 20, 2020 stay of proceedings.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  February 25, 2021

6